MASSILLON ENGINE & THRESHER COMPANY V. LOYD W. PROUTY ET AL.

FILED JULY 1, 1902. No. 11,928.

Commissioner's opinion, Department No. 3.

1. **Justice Court: BILL OF PARTICULARS: TECHNICAL ACCURACY: NATURE OF PLAINTIFF'S CLAIM.** Technical accuracy in a pleading in justice court is not required, and a bill of particulars which apprises the defendant of the nature of the plaintiff's claim is sufficient.

2. **Departure in District Court.** A more precise and technically accurate statement of a cause of action in the petition, on appeal

to the district court, than that contained in the bill of particulars, where the identity of the cause of action is preserved, does not constitute a departure.

3. **Disputed Claim.** Where parties capable of entering into a contract enter into an agreement whereby the one agrees to pay, and the other to accept, a certain sum in full satisfaction and discharge of a disputed claim urged by the latter against the former, such agreement constitutes a valid contract between the parties.

4. ————. If such agreement contemplates the surrender of evidence of indebtedness, on the part of the creditor, on payment of the amount agreed upon, in an action on such contract, the creditor is entitled to recover on a showing of readiness and willingness to perform his part of such contract.

ERROR from the district court for Cedar county. Tried below before GRAVES, J. *Affirmed.*

*C. B. Willey,* for plaintiff in error.

*George W. Wiltse* and *James C. Robinson,* contra.

ALBERT, C.

This case originated in justice court. The bill of particulars in effect alleges, among other things, that at the time of the sale hereinafter mentioned, the plaintiffs were the duly authorized agents of the defendant for the sale of engines, separators and appliances therefor; that, in pursuance of their said agency, they sold an engine, separator and appliances therefor to a third party, at the price of $2,500, for which said third party executed and delivered to the defendant their promissory notes, payable in instalments; that it was agreed between the plaintiffs and the defendant, that the plaintiffs should receive, as their commission for said sale, twenty per cent. of the price for which the said property was sold. Paragraph 5 of the bill of particulars was as follows:

"5. That on the 1st day of May, 1899, there was still due the plaintiffs on account of their commission and for their services aforesaid, the sum of $271. That on or about the 1st day of May, 1899, one R. O. Adams, then

39

and there the authorized and acting agent of 'the defendant herein, offered to the plaintiff the sum of $175, which plaintiffs, for the purpose of securing a speedy settlement in cash of their claims, agreed to accept in full satisfaction of their said claim, and the defendant by their said agent, then and there agreed to pay to plaintiffs said sum at once, and plaintiffs, relying on said agreement and settlement, waived and released any claim or lien they might have had on said engine and separator."

On appeal to the district court, a petition was filed by the plaintiff, containing the same allegations. In the district court said paragraph 5 was amended so that the clause beginning with the word "agreed" and ending with the word "agent," was made to read as follows: "Agreed to and did then and there accept in full satisfaction of their said claim, and to turn over and deliver to defendant the commission certificates held by plaintiffs as evidence of their commission on said sale and the defendant by their said agent." By its answer, the defendant admitted the agency of the plaintiffs and the sale of the machinery by them as said agents, but alleged that the services of the plaintiffs in and about said sale were rendered by them under and by virtue of a written contract which contained, among other things, the following conditions: That no compensation should be allowed or paid on any article taken back, whatever the cause, on any machinery not settled for, nor on any sale to irresponsible parties; that payment of commission should be made only when the notes taken for machinery sold should be paid in full; that no verbal agreement bearing on transactions under such contract should be binding until approved by the defendant, at its home office; that in case of sales made by agents where the purchase price was to be evidenced by notes, the company should issue its agents commission vouchers, in the form of notes, signed by the company, conforming in all respects to the conditions and limitations specified in the contract of agency, payable only as therein specified. It was further alleged by the answer

that, upon the sale mentioned in the petition, the defend-
ant issued commission certificates to the plaintiffs, as pro-
vided in the contract, which were still held by the plain-
tiffs, and which were never returned or offered to be re-
turned to the defendant; that the notes taken for the pur-
chase price of the machine were never paid in full, and
for that reason the defendant had taken back the said
machinery; that of the notes given for the purchase price
thereof, but three were paid; and that on the three notes
so paid, plaintiffs had received the full amount of 'their
commission; that said R. O. Adams, mentioned in the peti-
tion, had no authority to make any settlement of the claim
of said plaintiffs nor to bind the defendant by such settle-
ment, and that plaintiffs had full knowledge of said want
of authority.  The plaintiffs, by their reply, in effect ad-
mitted the written contract mentioned in the answer, but
alleged, at the time of making the settlement mentioned
in the petition, there was a dispute, between the plaintiffs
and the defendant, as to the amount due the plaintiffs as
their commission as agents of the defendant.  By their
reply plaintiffs also admitted that commission certificates
were issued to them as alleged in the answer, but aver that
it was a part of such settlement that, upon payment of
the amount agreed upon in said settlement, the plaintiffs
should surrender and deliver to the defendant said cer-
tificates, and that they have at all times since the date
of said settlement been ready and willing to comply with
their part of said agreement.  There was a trial to a jury,
which resulted in a verdict for the plaintiffs.  Judgment
was given accordingly.  The defendant brings error.

It is first urged that the court erred in permitting the
amendment to the petition, for the reason that by said
amendment, a different cause of action was pleaded than
that tried in justice court.  We can not concur in that
view.  Technical accuracy in pleading in justice court is
not required.  From the bill of particulars, it is clear that
a recovery was sought, in justice court, for the amount
agreed upon between the parties in settlement of their

differences.  The bill of particulars was sufficiently explicit to apprise defendant of the nature of plaintiff's claim; the amendment in no wise changed the cause of action.  Its only effect, if any, was to add to the logical precision of the statement of the cause of action.

It is next urged that the petition, as amended, fails to state a cause of action.  The principal ground of this contention is that it fails to state that the plaintiffs delivered or tendered the commission certificates which were issued to them in accordance with the agreement set forth in the defendant's answer.  One sufficient answer to this is that it does not appear on the face of the petition that they held any commission certificates.  When the petition is assailed on the ground that it fails to state a cause of action, we are not permitted to scan the answer for the purpose of discovering whether some of the defenses therein set forth should not have been anticipated by the petition.  It sufficiently appears from the petition that the plaintiffs claimed certain commission due them from the defendant; that, in order to secure a settlement of such claim, they offered to accept a lesser amount than that actually owing them; that their offer was accepted by the defendant, and an agreement entered into between the parties whereby the defendant undertook and agreed, to and with the plaintiffs, to pay said lesser sum in full satisfaction of the plaintiffs' claim; that the amount thus agreed upon had not been paid.  We think the petition states a cause of action.

It is further insisted by the defendant that the court erred in not directing a verdict in its behalf.  In support of this proposition, it is first urged that the evidence is insufficient to establish any authority, on the part of the defendant's agent, to make the settlement in question.  It would serve no useful purpose, and would unduly extend this opinion, to set out the evidence tending to show such authority.  We have gone over the evidence with some care, and are satisfied it is amply sufficient to justify a finding that such agent had ostensible authority, at least,

to make the settlement. On this assignment it is also urged that the evidence fails to show an accord and satisfaction, but merely unexecuted accord. The allegations of the petition, in regard to the settlement, are fully sustained by the evidence; it further appears that the amount agreed upon was to be sent to the bank, and that, on its receipt, the plaintiffs were to surrender their commission certificates. There is considerable obscurity in regard to the doctrine of an unexecuted accord, but we think the application of the elementary principle of the law of contracts will generally relieve such obscurity. The question, it seems to us, in such cases, is, whether the parties entered into a valid contract. One of the most familiar definitions of a contract is that it is an agreement between two or more parties, upon a sufficient consideration, to do or not to do a certain thing. In this case the contract of settlement was between parties capable of contracting; their minds met in common assent on the same proposition; their mutual promises, the defendant to pay, and the plaintiff to receive, a certain sum in satisfaction of a disputed claim, constitutes a sufficient consideration. It seems to us that none of the essential elements of a valid contract are wanting. It sufficiently appears that the plaintiffs have at all times been ready and willing to perform their part of the contract. That being true, we are unable to see why they may not maintain an action on the contract. *Schweider v. Lang,* 13 N. W. Rep. [Minn.], 33.

Complaint is made by the defendant of an instruction given by the court on its own motion, wherein the jury were instructed that, to entitle the plaintiff to a verdict, they must find the contract of settlement was made, and that it was based on a valid consideration; that is, "that at the time of the alleged settlement, the defendant company was owing plaintiffs as alleged in plaintiff's petition." The objection urged against this instruction is that it led the jury from the real issue of an actual and completed new contract made in consideration of a waiver and

release of all rights then existing by virtue of the commission certificates. The defendant argues that the cancelation of the old contract was the consideration for the new. The argument on this point is a little obscure, but, from the evidence, it appears that the settlement was in regard to a certain amount, which the plaintiffs claimed was due them from the defendant; the amount agreed upon in the settlement was to be accepted by the plaintiffs in full satisfaction of such alleged indebtedness. The instruction, we think, is based on the evidence, and is not erroneous.

The defendant also complains because the court submitted to the jury the question of the apparent authority of the agent to make the settlement and in that behalf urges that the written contract, in evidence, provides that no verbal contract shall be binding on the defendant, and that written contracts must first be approved at the home office, or branch office, of the defendant, before taking effect. This was no more than a notice to the plaintiffs of the limitations on the authority of the defendant's agents at the time the contract was made. As before stated, the evidence shows that the agent had at least ostensible authority to make the settlement. In other words, the defendant held him out to the world as having such authority. Its actions in that behalf were equivalent to notice that the former limitations on his authority had been removed. We think the question of ostensible authority was properly submitted to the jury.

The party to whom the machinery was sold was called as a witness by the plaintiffs, and was permitted to testify to a conversation had between such witness and the agent of the defendant long prior to the settlement in question. The plaintiffs propounded the following question to the witness: "Did Mr. Adams [that is, the agent], at that time make any statement to you in regard to the commission certificates in controversy?" A. "He did." Q. "What were those statements?" This question was objected to as incompetent, irrelevant and immaterial, and on the further ground that it did not pertain to the alleged

contract, and that the authority of the agent had not been shown. The objection was overruled. The witness answered, "He asked me if I cared if they foreclosed on the machine. I asked him for what reason they wanted to foreclose, and he said they wanted to cut Stageman out of the commission, or that in substance." Stageman, it will be noticed, is one of the plaintiffs in this case. At first sight we were disposed to think that the admission of this testimony was error, but on closer examination of the record, it appears that there was evidence introduced on behalf of the defendant tending to show that the claim of the plaintiffs, upon which the settlement was based, was unfounded, and not preferred in good faith. It was urged by the defendant that the plaintiffs were not entitled to any commission, under their contract of agency, because it was compelled to take back the machinery sold. The evidence complained of was competent for the purpose of showing that the retaking of the machinery was not in good faith, but for the purpose of defeating the plaintiffs claim for their commission. As to the authority of the agent, as before stated, he was dealing with the subject-matter, and representing the defendant in that behalf. His authority in retaking the property is not questioned. Another witness was permitted to testify to a state of facts tending to show the same thing. The evidence is admissable on the grounds just mentioned.

It is next urged that the verdict is not sustained by sufficient evidence. The cause was submitted to the jury on conflicting evidence, from which reasonable minds might reach different conclusions. Under such circumstances, the verdict of the jury is conclusive.

It is therefore recommended that the judgment of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.