(106 N. W. 293.)

---

J. I. CASE THRESHING MACHINE COMPANY v. JOHN BALKE AND BERTHA BALKE.

Opinion filed February 23, 1906.

**Appeal — Review — Statement of the Case.**

1. An omission from the copy of a statement of the case of a demand for a review of the entire case on an appeal to this court under section 5630, Rev. Codes 1899, is not ground for affirming the judgment, when the original statement contained such demand, and the omission of the demand from the copy served is shown to be excusable.

**Sale — Warranty — Rescission.**

2. Evidence considered, and *held,* to show compliance by the vendee with the conditions of a contract of warranty required to effect a rescission thereof.

Appeal from District Court, Bottineau county; *Kneeshaw, J.*

Action by the J. I. Case Threshing Machine Company against John Balke and Bertha Balke. Judgment for plaintiff and defendants appeal.

Reversed.

*B. G. Skulason* and *Albert Besancon,* for appellant.

*H. R. Turner,* for respondent.

MORGAN, C. J. This is an action to foreclose a real estate mortgage. Defendant purchased a threshing machine and engine from plaintiff, and to secure the payment of the same gave the mortgage in suit and a chattel mortgage on the outfit. The contract for the purchase of the machine was in writing, and contained a warranty that the machine would do good work, and that if it failed to do good work the defendant should give written notice of its

failure to work, and wherein it failed to work, to the agent "through whom received" and to the company at its home office at Racine, Wis. The issue for review in this court under section 5630, Rev. Codes 1899, is whether the defendant complied with the conditions imposed by the contract as to giving these notices. There is no question raised, nor could it be fairly raised, as to the failure of the machine to do such work as it was warranted to do. The trial court found that the defendant had failed to give the required notices, and gave judgment for the plaintiff for the amount due on the purchase price, after giving credit for what the personal property was bid in for at the foreclosure, less costs of sale.

We are asked by the appellant to review all the evidence on the appeal. The respondent interposed a preliminary motion to affirm the judgment on the alleged ground that the statement of the case contained no demand for a review of the entire case, nor for a review of any specific fact as required by the rules of practice. The facts on which this motion is based are the following: The copy of the proposed statement of the case as served on the respondent did not contain any demand for a retrial. The appellant explains the omission, and shows that it occurred through an excusable inadvertence. The original statement of case contained such demand or specification at all times. The omission to have the same put in the copy served on respondent was clerical, and under the showing made ought not to be the cause of depriving the defendant of a retrial. The motion is therefore denied.

The appellant claims two grounds for a reversal of the judgment: (1) That the notices were served in accordance with the requirements of the contract. (2) If the notices were not served as specified that they should be in the contract, that the respondent waived the failure to do so by acting under the notices that were served. If the first question be answered in the affirmative, no consideration need be given to the second. There is no dispute in the evidence as to what was done towards a compliance with the provisions of the contract. Defendant's evidence on that question is to some extent unsatisfactory and contradictory, but we see no ground to deduce therefrom that there was an entire failure to show that the contract was complied with in respect to the giving of the notices, as there was no contradiction of defendant's evidence by the plaintiff. The transaction transpired about 2½ years

before the trial; and that fact, in connection with the fact that the defendant cannot read nor write, explains the contradictions. To hold that the notice was not sent to Racine, Wis., would require us to say that the defendant committed perjury, which the record will not justify us in doing. Otherwise, there is enough evidence to justify the conclusion that the notices were served as required.

The respondent lays great stress upon the fact that the trial court made a finding that no notice was mailed to the company at Racine, and insists that the finding must be given the same force and effect as a verdict of a jury on disputed issues. Such is not the effect of a finding of fact in trials under section 5630, Rev. Codes 1899. It is the evidence that this court reviews on a retrial under that section and not the findings. Except in certain conditions, the probative force of such findings is very small. Such exceptions may occur on disputed issues closely balanced by evidence on each side, and in such case the finding might be considered of weight, and has been given weight by this court, for the reason that the trial judge saw the witnesses and was thereby better enabled to judge as to the credibility of the witnesses. In this case that situation does not exist, and the review of the uncontradicted evidence is for the purpose of determining whether it shows that the notices were mailed. It is undisputed that no written notice was given to the local agent at Omemee, where the order for the machine was taken. It is not clear that this local agent was the one through whom the machine was received. He solicited the defendant to purchase the machine, but the bargain was made with an agent from Fargo, and the order was drawn up by another agent. The machine was consigned to the defendant, who took it from the car without assistance from the local agent. It is also undisputed that this local agent was notified orally that the machine failed to work, and that he communicated with the Fargo office in regard to that fact, and that experts were sent from Fargo to make the machine work. The local agent accompanied one of these experts to the place where the machine was, and assisted in the attempt to make the machine work. In place of a written notice to the local agent, the defendant mailed one to the office at Fargo. We do not think that the defendant should be held not to have complied with the contract in this respect, in view of the divers agents that he negotiated with in ordering the

machine. The local agent did everything that he could have done, had notice been served on him. There was no possible prejudice to the company, although it may be a fact that the local agent might be deemed in a technical sense the one through whom the machine was received. The company responded to the notice sent to Fargo, and the local agent responded to and acted upon the oral notice given him. This is sufficient ground on which to hold that the company cannot claim that the contract was not complied with.

The trial court found that no written notice was mailed to the company at Racine, Wis. This finding was not warranted, as we construe the evidence. Defendant testified explicitly that he procured one Fox to write the notices for him, and that he mailed both of them himself. Fox testified to writing one notice and that he mailed that notice himself by registering it. He was not asked as to writing or mailing a notice to the company at Racine. We do not think that the discrepancy as to which one of them mailed the letter to the Fargo office should be held to entirely discredit the defendant's positive testimony that he mailed both notices himself. It is true that he or Fox was mistaken as to which one of them mailed the letter which Fox says that he wrote. Fox was examined in a very cursory way, and was not cross-examined at all. It is not improbable that, had he been asked specifically as to writing two letters, his memory would have been refreshed as to the transactions that occurred more than two years before he gave the evidence, and his testimony changed so as to be the same as defendant's. As to mailing the letters, defendant's testimony was as follows: "Q. Tell just what you did. A. I went out and notified them. Q. Whom? A. The Case Company, and I sent them a registered letter to Fargo, and they sent up an expert. Q. You sent them a registered letter to Fargo? A. Yes. Q. Did you notify anybody else, or send a letter to anybody else? A. I sent a letter down to Wisconsin. Q. To what place? A. Racine, Wis. Q. These letters were both registered? A. No, sir. Q. Who sent the letters? A. I sent them myself. Q. You sent the letter to Fargo? A. Yes, sir. Q. Those letters were both sent the same day? A. Yes, sir. Q. Did you write those letters yourself? A. No, sir. Q. Who wrote them? A. Tom Fox. Q. You mailed them yourself? A. Yes, sir." These statements were repeated without substantial variation several times. Defendant testifies at all times that he mailed two notices. Except that Fox's

testimony is silent, as stated, as to whether he wrote more than one letter, this testimony is uncontradicted, and convinces us that the company was notified by letter to Racine that the machine did not meet the requirements of the warranty.

The defendant has complied with the terms of the contract, and was entitled to and did rescind the same by returning the machine to the place where received within a reasonable time after the failure of the company to make it do the work that it was warranted to do. The trial court found that the machine was not returned until October 28th, but this finding is not sustained by the evidence. A letter was written on that day notifying the company that the machine had been returned, but defendant's evidence shows that the machine was returned about four weeks before that, and we deem this within a reasonable time under the facts of this case.

The defendant paid the sum of $199.50 freight on the machine. He asks judgment for this sum in his answer, and pleads the facts entitling him to such judgment for money paid out under the contract. The contract provided that the defendant should pay all freight charges. Having done so, and having paid out the money in reliance upon the fulfillment of the contract, and a breach having occurred through the fault of the plaintiff, the defendant is entitled to recover judgment for the sum paid out.

The judgment is reversed, and the district court is directed to order judgment for a dismissal of plaintiff's action, and for judgment in defendants' favor for $199.50, with 7 per cent interest thereon from August 19, 1902. All concur.