(108 N. W. 549.)

----

OLE HANSON, A. A. NEWGAARD AND C. A. HANSON, CO-PARTNERS AS HANSON, NEWGAARD & HANSON, v. LOUIS LINDSTROM.

Opinion filed June 29, 1906.

**Pleading — Bill of Particulars Can Be Compelled Only When First Ordered by the Court — Penalty for Failure to Furnish.**

1. A party is not bound to furnish the bill of particulars provided for by section 5282, Rev. Codes 1899, on a mere demand; but, before delivery thereof can be compelled or penalties for the failure to do so can be inflicted, the court or judge must order that a bill of particulars be furnished.

**Same — Copy of an Order for Machinery Not a Copy of an Account.**

2. A copy of an order for the delivery of a threshing machine outfit, accepted by the seller for a fixed price, on which certain payments have been made, is not a copy of an account, within the meaning of section 5282, Rev. Codes 1899.

**Direction of a Verdict — Specification of Grounds.**

3. A motion to direct a verdict should specify the grounds relied on.

**Sales — Breach of Warranty — Failure to Give Notice Required by Contract.**

4. A failure to comply with a stipulation providing for giving written notice of the failure of a machine to work as warranted defeats the right of the purchaser to defend an action for the purchase price, on the ground that there was a breach of the warranty where such stipulation was a condition precedent to any liability on the warranty.

**Foreign Corporations — Failure to Comply With Statute — Pleading.**

5. The fact that a foreign corporation is not authorized to do business in this state is a matter to be raised by answer, and need not be proven by the corporation plaintiff as part of its cause of action, although complaint alleges that plaintiff has complied with the laws of the state in respect to doing business therein.

**Evidence — Notice to Produce Original as Foundation for Secondary Evidence.**

6. Unless the pleadings show the possession of writings or documents by a party, and unless it further appears from the pleadings that such documents will be necessarily used on the trial, a demand for the production of such writings must be made before the trial before secondary evidence of their contents can be received.

Appeal from District Court, Ransom county; *Allen,* J.

Action by Ole Hanson and others against Louis Lindstrom. Judgment in favor of plaintiffs. From an order denying a new trial, defendant appeals.

Affirmed.

*T. A. Curtis,* for appellant.

The office of a bill of particulars is to amplify a pleading and more particularly specify the claim or defense set up. Landon v. Sage, 11 Conn. 302; Blount v. Rick, 107 Ind. 238; Davis v. Freeman, 10 Mich. 188; Carter v. Tuck, 3 Gill (Md.) 248; Mathews y. Hubbard, 47 N. Y. 28; Garfield v. Parris, 96 U. S. 557, 24 L. Ed. 821; U. S. Land Investment Co. v. Mercantile Trust Co. 54 Hun. (N. Y.) 417.

To admit secondary evidence it must appear that the party on whom service was made had control of the instrument in question. Norton v. Heywood, 20 Me. 359; Brickbeck v. Tucker, 2 Hall (N. Y.) 121; Lovejoy v. Howe, 57 N. W. 57.

*Purcell, Bradley & Divet,* for respondents.

Where the party demanding the itemized' account, wishes to exclude evidence of the items he must procure an order of exclusion before trial. Kellogg v. Paine, 8 How. Pr. 329; Gebhardt v. Parker, 120 N. Y. 33; Barton v. Sidway 25 N. Y. Sup. 179.

Motion for a directed verdict must be specific. Howie v. Bratwell, 14 S. D. 649, 86 N. W. 747, and cases cited. Where a contract of purchase requires notice of defects, such notice is a condition precedent to an action for damages for breach of warranty. Minn. Thresher Co. v. Lincoln, 4 N. D. 419; Mand Co. v. Hanson, 3 N. D. 81; James v. Beckadahl, 10 N. D. 120. A foreign corporation will be presumed to have complied with the law, until the presumption is overcome by proof. Acme v. Rockford, 72 N. W. 466.

MORGAN, C. J.  This is an action to recover a balance due on the purchase price of a threshing machine outfit. The contract is embodied in a written order for the threshing machine and attachments, upon the Advance Thresher Company, of Minneapolis, a foreign corporation. The machinery was delivered pursuant to the order and accepted by the defendant. In the order it was agreed by the defendant that he would make and deliver his promissory notes for the purchase price and secure the same by a mortgage on the machinery. The notes and mortgage were never delivered. After a trial before a jury, the trial court directed a verdict for the plaintiffs for the full amount due, being $1,244.63, after deducting $2,200 in payments from the purchase price, $3,320. Judgment was rendered on the verdict. Defendant made a motion for a new trial, which was denied, and he appeals.

It is defendant's first contention that the court erred in not sustaining his objection to the introduction of any evidence under the complaint. The ground of this objection is that the defendant demanded of plaintiffs' attorneys a copy of the order or contract mentioned in a general way in the complaint, in order that it might be used by defendant in the preparation of his answer. The defendant now claims that, a copy of the contract not having been furnished, the plaintiffs were not entitled to use the same as evidence on the trial. A decision of this question depends upon the construction to be given to section 5282, Rev. Codes 1899 (section 6868, Rev. Codes 1905), which reads as follows:

"* * * It shall not be necessary for a party to set forth in a pleading the items of an account therein alleged; but he shall deliver to the adverse party, within ten days after the demand thereof in writing, a copy of the account, which, if the pleading is verified, must be verified by his own oath, or that of his agent or attorney, if within the personal knowledge of such agent or attorney, to the effect that he believes it to be true, or be precluded from giving evidence thereof. The court, or a judge thereof, may order a further account, when the one delivered is defective; and the court may in all cases order a bill of particulars of the claim of either party to be furnished." It will be seen that said section applies to furnishing copies of accounts and bills of particulars. A copy of an account and a bill of particulars do not necessarily mean the same thing. A bill of particulars may be demended on a claim which has no reference whatever to an accounting. The claim mentioned in the section on which a bill of particulars may be called for has a very broad application, and its meaning is almost as general as the words "cause of action" or "defense." A bill of particulars may be demanded when the pleading is definite and certain as to the nature of the cause of action or defense, but further facts are required before the party can intelligently prepare his pleading or prepare' for trial. Johnson v. G. N. Ry. Co. 12 N. D. 420, 97 N. W. 546.

In the case at bar, a copy of the contract was desired in order to prepare an answer. . The contract called for was not a copy of an account within the meaning of section 5282, supra. Under said section a copy of an account may be procured on mere notice or demand, and, if not furnished, the party is precluded from giving evidence of the account. When a bill of particulars is demanded, and the application is in form, and the court deems it a proper case for the furnishing of a bill of particulars, the court orders that the same be furnished. In this case no application was made to the court to order a bill of particulars. Conceding, for the purposes of this case, that section 5282, Rep. 554; J. I. Case T. M. Co. v. Ebbighausen, 11 N. D. 446, 92 N. W. 826; J. I. Case T. M. Co. v. Balke, 15 N. D. 206, 107 N. W. 57. In attempting to establish the fact that such a notice had been sent to the company, the defendant proved that one Heckle wrote such a letter at the defendant's request but defendant utterly failed to show that such a letter was mailed to the com-

pany at Minneapolis, or that the letter was mailed at all. Heckle testifies that he could not say whether the letter was "mailed there in the office by some of the boys, or whether I gave it to Mr. Lindstrom." This is far short of explicit proof that the contract was complied with by notifying the company at Minneapolis that the machine would not work.

The offer to prove the contents of the letter by secondary evidence was properly rejected for another reason. There was no attempt to show diligence in procuring the notice from the company, to whom it was claimed to have been sent. The letter or notice is not shown to have ever been in plaintiffs' possession. Hence the rule laid down in Nichols et al. v. Charlebois et al. 10 N. D. 446, 88 N. W. 80, has no application here. In that case it was held that, when the pleadings show that a document in the possession of a party will necessarily become material evidence on the trial, the party must produce such document at the trial without demand to do so, or secondary proof of its contents will be received. There is no reason or justice in extending the rule to apply to cases where a party has not and never had the possession of such document.

It is contended that the contract under which the machinery was furnished was a contract made with the plaintiffs' and not with the Advance Thresher Company, as alleged in the complaint. The objection cannot be sustained. A reading of the contract shows that it was entered into with the Advance Thresher Company, through the plaintiffs as agents. On the trial the answer was amended to show that the contract was entered into with the Advance Thresher Company. The record shows that the Advance Company assigned the contract to the plaintiffs in writing. The contract was properly received in evidence.

A motion for a new trial was made, in which it is claimed that the evidence will not sustain the verdict, and that it was not shown by the evidence that the Advance Thresher Company was authorized to do business in the state of North Dakota. There is no merit in the contention. It is presumed that all persons comply with all the laws. Until non-compliance is alleged and shown, the presumption prevails. This question was recently decided by this court, and defendant's contention denied. State v. Robb-Lawrence Co., 15 N. D. 55, 106 N. W. 406. The fact that the complaint alleged that the Advance Company is a foreign cor-

poration does not change the rule. The allegation is treated as surplusage. Kinney v. Yeoman (N. D.) 106 N. W. 44.

This disposes of all the assignments, and the order appealed from is affirmed. All concur.