ADVANCE THRESHER COMPANY, APPELLANT, V. J. J. VINCKEL, APPELLEE.

FILED MAY 7, 1909.    No. 15,674.

1. **Contracts: CONSTRUCTION.** A contract prepared by a vendor for his own protection will be construed most strongly against such vendor.

2. **Sales: WARRANTY: NOTICE OF BREACH: WAIVER.** The fact that notice of failure of a machine to fulfil the requirements of a printed .warranty is not given in the manner provided by the contract is no defense against an alleged breach of warranty where the vendor under such notice as is given him by the vendee undertakes to remedy the defects complained of by the latter.

3. ——: **CONTRACT: WAIVER.** Where a contract for the sale of a machine provides that a retention thereof by the vendee beyond a given period will operate as a waiver of defects, *held* to be inapplicable where the vendor induced the vendee to retain the machine under a promise that the defects would be remedied.

4. **Appeal: EVIDENCE.** The verdict of a jury rendered upon conflicting evidence will not be disturbed where there is sufficient evidence to support it.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Halleck F. Rose* and *Wilmer B. Comstock*, for appellant.

*C. B. Willey* and *George W. Wiltse, contra.*

DEAN, J.

The plaintiff brought an action of replevin to recover possession of a threshing rig and four horses under the terms of a chattel mortgage given to secure the payment

of certain notes executed by defendant for the purchase price of the machine. The defendant admitted plaintiff's right to the possession of the threshing machinery at the commencement of the action, but denied its right as to the horses, claiming a rescission of the contract on account of a breach of warranty, in that the machinery did not fulfil the requirements of the contract of sale, and that the chattel mortgage was for that reason void, and the defendant therefore entitled to a return of the horses or judgment for their value. The contract, as shown by the pleadings and briefs, contains these, among other, provisions: "That the separators if properly run and rightfully managed are not excelled by any separator manufactured of the same size in their adaptation for separating and saving from the straw the various kinds and conditions of grain and seed.  *  *  *  That upon starting the machinery and the purchasers using the usual care and skill of threshermen are unable to make the *  *  * thresher *  *  *  to operate well, they shall within five days from the day of the first use give written notice to the company at Battle Creek, Michigan, by registered letter, stating  *  *  *  wherein it fails to fill the warranty, and, also, within said time, shall notify the agent through whom purchased, and a reasonable time shall be allowed them to get to the machine and remedy the defects,  *  *  *  and longer use or without notice is to be a fulfilment of all warranty." When the testimony was submitted, counsel for plaintiff moved for a directed verdict because of the alleged insufficiency of evidence to justify the submission of the cause to the jury. The motion was overruled, and upon this assignment of error, among others, the plaintiff relies for reversal. Defendant had judgment for $218.48, the value of the horses, and costs $152.50, and the plaintiff appeals.

Plaintiff's counsel contends that the defendant failed to give notice to the company of the defects in the machinery, which were required to be given by the terms of the contract to hold the plaintiff liable under its warranty.

The testimony shows that the purchaser notified the local agent, from whom the machine was purchased, on the third day after he began to operate the machine. The local agent at once notified the plaintiff's Lincoln office by letter, and shortly thereafter, and in pursuance of such notice, one of the recognized agents of the plaintiff went to the place where the machine was being operated, and with the assistance of the defendant tried to remedy the defects. In this it seems they were not successful, and the plaintiff, by its agents, on several subsequent occasions sent men to the machine to discover, and, if possible, remedy the defects so that it would perform the work for which it was intended. On this point considerable testimony was introduced by the defendant tending to show the machine was materially defective in construction, and that it failed to do good work or to come up to the requirements of the warranty contained in the contract. On plaintiff's part there was some testimony showing a state of facts with reference to the condition of the machine and its capacity for doing effective work before and soon after it was returned to the company that was opposed to the testimony adduced by defendant, but this conflict was a question of fact to be submitted to the jury, and, in obedience to a long familiar rule, we are not disposed to invade its province and set aside a verdict rendered upon conflicting testimony where there is sufficient evidence to support it.

Complaint is also made that the separator was not "properly run and rightfully managed" as required by the contract of sale, and that it does not affirmatively appear that the defendant exercised care and skill in the operation of the machine. Upon this point the testimony shows that the defendant, and one or more of his helpers, had each of them had considerable experience in the operation of this class of machinery, the defendant having been a practical thresherman of four or five years' active experience. In this and in regard to service of notice of defects the company contended for a strict compliance

by defendant with the letter of the contract, but the authorities, particularly upon the latter point, do not sustain its position. It has been held by this and other jurisdictions that, where the vendor, by its agents, sends machinemen or experts to the scene of trouble for the purpose of trying to remedy the defects complained of, the service of notice in the strict manner pointed out in the contract is thereby waived, no matter by what means the vendee caused notice to be conveyed to the company or to its duly authorized agents. It has come to be a familiar rule of construction, where applied to contracts prepared by a vendor for his own protection, that such contracts will be construed most strongly against him. *Massillon Engine & Thresher Co. v. Prouty*, 65 Neb. 496; *Westbrook v. Reeves & Co.*, 133 Ia. 655; *Cobbey v. Knapp*, 23 Neb. 579; *First Nat. Bank v. Erickson*, 20 Neb. 580; *Aultman & Co. v. Trout*, 27 Neb. 199; *Buchanan v. Minneapolis Threshing Machine Co.*, 116 N. W. (N. Dak.) 335; *Parsons Band Cutter & Self-Feeder Co. v. Gadeke*, 1 Neb. (Unof.) 605; *Sandwich Mfg. Co. v. Feary*, 40 Neb. 226.

The plaintiff makes complaint that the defendant kept the machine beyond the time permitted by the terms of the contract after the discovery of the alleged defects. This and other jurisdictions have held that, where the vendor or his agent induces the vendee to keep a defective machine upon the promise of putting it in condition to do effective work, the vendor thereby waives the condition which provides that to keep the machine beyond a certain time is a waiver of the warranty by the purchaser. This is a reasonable rule, and we are not disposed to find fault with it. The record shows that on several occasions the plaintiff not only sent practical threshermen to the machine for the purpose of trying to repair it and to put it in working condition, but that on at least one occasion, as the defendant testified, one of the authorized agents of the plaintiff induced the former to retain the machinery upon the promise of repairing it.

This was denied by the plaintiff's agent, but the testimony upon this point, as upon others, was fairly submitted to the jury.   But, in any event, it is fairly established by a preponderance of the evidence that the plaintiff, by its agents and skilled workmen, made an honest endeavor to put the machine in good working order, but failed to do so.   This circumstance serves in a measure to corroborate the contention of the defendant that the retention of the defective machine by him was at least with the implied, if not express, agreement that the defects would be remedied by the plaintiff, and we are not disposed to hold, from the testimony as disclosed by this record, that the defendant waived any right conferred upon him by the contract in retaining possession of the machine under the circumstances shown by the evidence.

It is argued by counsel for the company, in effect, that its agents acted beyond the scope of their authority in attempting to put the machine in working order upon the complaints of defendant made directly to the agents, and that the company is released because the letter of the contract was not strictly fulfilled with reference to notice.   The rule contended for, in view of the surrounding facts, is harsh, and appears to us unreasonable, and we cannot give it our sanction.   The principal place of business of the company is at Battle Creek, Michigan, but for its own convenience and profit it established a branch office and agency in Lincoln, Nebraska, the better to enable it to dispose of the output of its shops.   In *Peterson v. Wood Mowing & Reaping Machine Co.,* 97 Ia. 148, the court held that the personal knowledge of the agent that the machine sold by him fails to do good work renders unnecessary any written notice to him of such fact, although it is required by the strict terms of the contract of sale.   This rule is more in accord with the principles of justice than the one contended for by the company. *First Nat. Bank v. Dutcher,* 128 Ia. 413, is a case similar to the one at bar.   In that case the court say:  "The ap-

31

pellant is a corporation which can act only through agents and employees. It cannot divest itself of the power to waive a condition made for its benefit, and that power can be exercised only through some agent. These men were its servants, working in its interest, and must be presumed to have had the authority usually exercised by other agents under similar circumstances. To say that its agents were vested with the mere naked power to sell and deliver, without any authority to waive or modify any term of the printed contract, would be, as is well said in the *Pitsinowsky* case (*Pittsinowsky v. Beardsley, Hill & Co.,* 37 Ia. 9) 'to establish a snare by which to entrap the unwary, and enable principals to reap the benefits flowing from the conduct of an agent in the transaction of business intrusted to his hands, without incurring any of the responsibilities connected therewith.'" *Brown v. Eno,* 48 Neb. 538; *Creighton v. Finlayson,* 46 Neb. 457; *Oberne v. Burke,* 30 Neb. 581.

We have examined the entire record, and conclude there was no error committed by the trial court in the points relied upon by the plaintiff. Numerous witnesses were examined on both sides, and all of the controverted facts were fairly submitted to the jury and resolved in favor of the defendant, and we find in the record ample evidence to sustain its verdict.

The judgment of the district court is right, and is in all things

AFFIRMED.