## E. O. Eichelroth, Appellee, v. P. J. Long, Appellant.

1. WARRANTY—*what essential to enforcement.* One who seeks to enforce a warranty imposing mutual and dependent obligations and covenants must show compliance upon his part. Provisions in a warranty relative to notice of breach and return of property warranted are material and substantial parts and cannot be disregarded by the vendee.

2. WARRANTY—*who unauthorized to waive conditions.* If a contract containing a warranty expressly provides that no agent shall have power to change the same in any respect, an agent of the vendor is unauthorized to waive conditions or requirements of the contract of warranty.

Action commenced before justice of the peace. Appeal from the Circuit Court of Montgomery county; the Hon. PAUL McWILLIAMS, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed May 28, 1910.

LANE & COOPER, for appellant.

M. M. CREIGHTON and T. A. GASAWAY, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Upon an appeal of this cause from a justice of the peace, appellee recovered judgment against appellant in the circuit court for $138.16. The suit is based upon a note dated June 22, 1908, payable on or before September 1, 1908, to International Harvester Company of America, for the sum of $130 with six per cent interest and signed by appellant. The note was given in payment for a binder sold to appellant by appellee, who was the agent of the Harvester Company, in April, 1908. The order for the binder contains the following warranty:

"International Harvester Company of America (incorporated) warrants the above machine to do good work, to be well made of good materials, and durable if used with proper care. If, upon one day's trial with proper care, the machine

fails to work well, the purchaser shall immediately give written notice to International Harvester Company of America at 7 Monroe Street, Chicago, Illinois, and to the agent above named, stating wherein the machine fails, shall allow reasonable time for a competent man to be sent to put it in good order and render necessary and friendly assistance to operate it. If the machine cannot be made to work well, the purchaser shall immediately return it to said agent and the price paid shall be refunded which shall constitute a settlement in full of the transaction. Use of the machine after one day (or harvesting more than twelve acres) or failure to give written notice to said Company and its agent, or failure to return the machine, as above specified, shall operate as an acceptance of the machine and fulfillment of this warranty. No agent has power to change the contract of warranty in any respect, and the above order can be canceled only by said Company's Chicago office. This express warranty excludes all implied warranties, and said Company shall in no event be liable for breach of warranty in an amount exceeding the purchase price of the machine."

(Signed) "P. J. Long."

"Dated the 22nd day of April, 1908."

"Sold by E. O. Eichelroth."

The evidence shows that appellee, who was the agent of the International Harvester Company at Litchfield, Illinois, procured the order and note in question; that said note was afterward transferred by endorsement to appellee; that the binder was delivered to the son of appellant and that he began to cut wheat with it about noon on the same day; that the machine failed to operate properly; that upon the first or second day after its delivery, the trip hammer broke, whereupon appellant notified appellee and requested him to call and examine and repair the machine; that a few days later he called upon appellant at his office in Litchfield, and complained that the machine did not do good work, and that appellee promised to send a man to repair the machine, and told appellant to go ahead and use it in the meantime; that appellant continued to use the machine through the harvest, after which time appellee sent an agent out, who attempted to adjust the same

so that it would work satisfactorily; that appellant claimed the machine failed to do the work according to the warranty and offered to return it to appellee, but that appellee refused to accept the same and brought this suit.

At the close of all the evidence the court instructed the jury to return a verdict for the plaintiff for the amount of the note and interest.

We do not think it necessary to determine whether or not the claim of appellant that the machine failed to do good work as warranted, is established by the evidence, for the reason that upon the alleged failure of the machine to work well after one day's trial, appellant failed to comply with the terms of the contract by immediately giving notice of such fact to either the Harvester Company or to appellee, or by returning the machine to appellee as agent within a reasonable time. The evidence shows that no notice of any character was given to the Harvester Company, and it does not appear that such company was ever advised of appellant's complaint that the machine failed to work. The evidence further discloses that instead of returning the machine to appellee upon discovering its alleged defects, appellant kept and used it the entire season, cutting in all about 100 acres of grain.

It is well settled where one seeks to enforce a warranty imposing mutual and dependent obligations and covenants, he who seeks to enforce it must show compliance on his part before he can insist upon performance by his adversary. The clauses in the warranty relative to notice and return are material and substantial parts of it, and are for the protection of the seller, and the purchaser is no more at liberty to disregard them than he is any other clause of his contract. When appellant made this contract he agreed that he would satisfy himself within one day whether the binder worked to his satisfaction and filled the warranty, and further that if it did not, he would at once give the notice required by the contract, and that if he failed to give such notice, such failure should operate as an acceptance of the machinery and fulfillment of the warranty. The provisions in the contract are

plain, and need no construction. Had appellant complied therewith he could then be heard to show that the warranty failed; not having complied with them, his mouth is closed by his own agreement and he cannot be permitted to show that the machine did not comply with the warranty. The contract expressly provided that no agent should have power to change the same in any respect, and further that the express warranty therein contained excluded all implied warranties. It cannot therefore be held as contended, that appellee as agent waived the conditions or requirements of the contract. Moreover, the evidence further shows that when the note in suit became due, appellant did not claim that there had been any breach of the warranty but requested appellee to accept payment of one-half of the amount due and a new note for the balance, due in one year, which offer was refused by appellee, because appellant would not pay him an additional sum in consideration of the extension of time.

We find no error in the record which we consider prejudicial to appellant. The merits of the case seem to us to be clearly with the appellee, and the judgment will be affirmed. ·

*Affirmed.*