## No. 9737.

## J. I. CASE THRESHING MACHINE COMPANY v. TATE.

Decided March 7, 1921. Rehearing denied May 2, 1921.

Action to recover for breach of warranty. Judgment for plaintiff.

*Affirmed.*

1. VENDOR AND PURCHASER—*Warranty—Notice.* In the sale of a threshing machine the warranty of the vendor required the purchaser within six days after beginning to use the machine to give notice to the local agent and to the home office of the company, of any claimed defect. The machine did not work satisfactorily and notice of such fact was given the company's local office, but none was sent to the home office    Pursuant

to the notice experts were sent from the local office, who failed to make the machine work. In an action by the purchaser for breach of warranty, held, that notice to the local agent and appearance of an expert who tried to make the machine work, made notice to the home office unnecessary.

2. WARRANTY—*Construction.* Contracts of warranty are drawn by the warrantors and are to be construed most strongly against their authors.

3. FORFEITURE—*Contracts.* Courts are not disposed to construe contracts so as to work a forfeiture, except in very clear cases.

4. VENDOR AND PURCHASER—*Warranty—Defective Parts.* The seller of a threshing machine stipulated that before the purchaser could return it, he must return the parts alleged to be defective and give the company an opportunity to correct them. In an action for breach of warranty, held, that as the evidence did not show what particular parts of the machine were responsible for its failure to do good work, there was no obligation on the part of the purchaser to return any parts.

*Error to the District Court of Otero County, Hon. Samuel D. Trimble, Judge.*

Mr. FRANK L. GRANT, for plaintiff in error.

Messrs. SABIN, HASKINS & SABIN, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error had judgment in an action against plaintiff in error to recover for breach of warranty of a threshing machine purchased by him at the Denver office of said company. The warranty required the purchaser, within six days after beginning to use the machine, to give notice to the local agent, and to the home office of the company, of any defect claimed to have been found in the machine. The machine did not work satisfactorily, and, within the prescribed time, notice of such fact was given to the company's branch office in Denver, but no notice was sent to the home office at Racine, Wisconsin. In pursuance of said notice experts were sent from Denver to

remedy the defects, but failed to make the machine work properly. Thereupon defendant in error returned the thresher to the railroad station at La Junta, where he had received it.

It is now urged that all right to rely on the warranty was lost by the failure to notify the company at its home office, as required by the contract of warranty; and, further, that before the purchaser could return the thresher he must have returned the parts alleged to be defective, and give the company an opportunity to correct the defects in them. Upon the first point counsel cites several cases in which similar questions were involved, but none of them is decisive in this case. Among them is *Nichols, Shepherd & Co. v. Larkin,* 79 Mo. 264, in which notice was given to a local agent of the company, but who was not the agent who sold the thresher. He undertook to give the notice to the home office but did not do so. It was held that he acted in the matter as agent of the purchaser.

Another case cited is *Eichelroth v. Long,* 156 Ill. App. 108. There the purchaser gave no notice to anyone within the time limited, but used the machine during a whole season before offering to return it.

Another case is *Seiberling & Co. v. Rodman,* 14 Ind. App. 460, 43 N. E. 38. In that case the company on being notified of alleged defects in the machine replied that a man would be sent to fix it. Rodman did not wait for the man, but returned the reaper to the agent. Held, that the warranty was conditioned upon the right to remedy defects within a reasonable time, hence Rodman could not rely on it. The court distinguished the case from one in the 106 Ind. p. 110, 6 N. E. 131, where it was held that the making of an attempt by the company to remedy defects showed that it had received notice.

*Case Machine Co. v. Vennum,* 4 Dak. 92, 23 N. W. 563, is not in point because the purchaser used the machine for a season, and notified no one of alleged defects.

The case principally relied upon is *Fahey v. Esterley Co.,* 3 N. D. 220, 55 N. W. 580, 44 Am. St. Rep. 554, in which

it was held, without a discussion of authorities to the contrary, that the sending of experts to remedy defects, as a result of notice to a local agent, did not show notice to the company. This case seems to have been overruled in *Buchanan v. Minneapolis Threshing Machine Co.*, 17 N. D. 343, 116 N. W. 335, where it is held that notice to the local agent, and the appearance of an expert who tried to make the machine work, constituted a waiver of notice to the home office.

In *Gaar, Scott & Co. v. Hicks,* 42 S. W. (Tenn.) 455, the statement as to this question is dictum, as the decision rests upon another matter.

In *Hanson v. Lindstrom,* 15 N. D. 584, 108 N. W. 798, there was no proof of notice to any one, hence the case is not in point.

The great weight of authority sustains the position that the purpose of notice is to enable the seller to remedy defects, if possible; and that when experts have been sent out, and opportunity has been given them to make the necessary changes in the machine, or in its operation, the purpose of the requirement of notice has been served.

These contracts of warranty are drawn by the warrantors, and, upon well established principles, are to be construed most strongly against their authors.

Courts are not disposed to construe contracts so as to work a forfeiture of rights, except in very clear cases, and they readily seize upon any circumstance growing out of the contract by which to avoid the forfeiture, and leave the merits of the case open to investigation. *McDaniel v. Mallary Co.,* 6 Ga. App. 848, 66 S. E. 146. Among the cases supporting this position are *Harrison v. Russell & Co.,* 12 Idaho, 624, 87 Pac. 748; *Hale v. Van Buren H. & M. Co.,* 24 Okl. 13, 103 Pac. 1026; *International Harvester Co. v. Dillon,* 126 Ga. 672-676, 55 S. E. 1034; *Nichols & Shepard Co. v. Wiedemann,* 72 Minn. 344, 75 N. W. 208, 76 N. W. 41; *First National Bank v. Dutcher,* 128 Ia. 413, 104 N. W. 497, 1 L. R. A. (N. S.) 142; *Advance Thresher Co. v.*

*Vinckel*, 84 Neb. 429, 121 N. W. 431, and *Palmer v. Reeves & Co.*, 139 Mo. App. 473, 122 S. W. 1119.

The reasoning in these cases is satisfactory, and the rule which they announce meets our approval.

Upon the second point it is sufficient to say that the evidence does not show what particular parts of the machine were responsible for its failure to do good work. There was, therefore, no obligation on the part of the purchaser to return parts of the machine.

The judgment is affirmed.

MR. JUSTICE BAILEY, sitting for CHIEF JUSTICE SCOTT, and MR. JUSTICE ALLEN concur.