585 P.2d 922 (1978)
Dallas F. BELT and Barbara Ann Belt, Plaintiffs-Appellees,
v.
Robert V. SPENCER, d/b/a Spencer Construction Company, Defendant-Appellant.
No. 77-943.
Colorado Court of Appeals, Div. II.
July 20, 1978.
Rehearing Denied August 17, 1978.
*923 Richard B. Bauer, Westminster, for plaintiffs-appellees.
Lutz & Gilbert, Owen L. Oliver, Arvada, for defendant-appellant.
ENOCH, Judge.
Defendant, builder-vendor of a new house, appeals from a $6,331 award to the plaintiffs, purchasers, for breach of implied warranties of workmanlike construction and habitability.We affirm.
In February 1974, the parties executed a printed form residential specific performance contract which had the following clause added under the section for additional provisions: "[S]eller agrees to provide a Standard 1-year Warranty except for cracking of concrete flatwork ...." There is nothing in the contract defining a "Standard 1-year Warranty." The trial court and the parties have treated this case as involving only implied warranties of workmanlike construction and habitability, and we will do likewise because there is, in fact, no evidence of any express warranties in spite of the reference in the contract.
Soon after taking possession of the property in March 1974, plaintiffs complained that the grade in the backyard was inadequate. Defendant disagreed, but contacted the subcontractor who had performed the work, and requested him to return to discuss the matter with plaintiffs. The subcontractor regraded plaintiffs' backyard, causing, in one area, a 50% reduction in drainage slope. In May, cracks began to appear in the basement floor as a result of *924 an expansive soil condition produced by moisture combining with bentonite in the soil. When this condition was called to defendant's attention, he determined on his own inspection that moisture was accumulating underneath the basement floor. Defendant then removed part of the floor next to the inside basement walls, and began to install an interior drainage system; however, he discontinued work after plaintiffs demanded that he replace the entire basement floor. It is undisputed that as a result of the expansive soil condition the basement floor slab heaved and cracked, a foundation wall and walls in the upper floors cracked, caissons and support columns heaved, the upstairs floors warped, a picture window broke, and the driveway slab heaved.
Plaintiffs brought this action to recover damage for the defects in the house and backyard grade. The court found that moisture accumulated under the house as a result of either the improper installation of an exterior drainage system, or the improper slope of the backyard grade. The court also found that the basement floor slab, driveway slab, and caissons were improperly installed. Defendant argues, among other things, that the clause in the purchase contract excluded his liability for damage done to the basement floor and driveway. The court held that this provision referred "more to cosmetic defects ... than to substantial construction defects" and that the conditions causing the cracking fell outside the contemplated exclusion. Consequently, the court held defendant liable for the cost of repairing the driveway, basement floor, foundation wall, backyard grade, and the problems in the upper floors of the house.

I.
Defendant first contends he is not liable for any damages to the house, backyard grade, or driveway. He argues that plaintiffs were responsible for the alteration in the backyard slope, and that the evidence demonstrates that this alteration caused all of the damage. Therefore, he argues, plaintiffs' conduct voided any and all implied warranties. We disagree.
If plaintiffs, with knowledge of the potential consequences of their action, had caused the backyard grade to be altered in a manner which resulted in the damage to the property, it may be that defendant would be relieved of his liability under the warranty. Cf. Hensley v. Sherman Car Wash Equipment Co., 33 Colo.App. 279, 520 P.2d 146; see also W. Prosser, Torts § 102 (4th ed.). However, the trial court found, upon conflicting evidence, that the drastic reduction of the grade was done without any specific instructions from plaintiffs, and that the grade was altered by a subcontractor who appeared on the premises on direction from, and on behalf of, defendant. Implicitly, then, the court found plaintiffs not responsible for the degree of alteration of slope, and we agree with the trial court. Consequently, defendant's warranties are still operable.

II.
Defendant next contends that the court failed to assign responsibility for the "drastic" alteration in the backyard slope and that he cannot be held liable for providing a proper backyard grade in the absence of a finding that he was responsible for its alteration. We find no merit in this contention.
The court did assign to defendant the responsibility for the improper slope when it found that he was liable under an implied warranty for the installation of a proper grade, and this conclusion is supported by the evidence. Therefore, because a proper backyard grade was impliedly warranted by defendant and because it was altered by a party acting on defendant's behalf, defendant is liable for the resultant defects in the slope, and the cost of grading to a proper finish grade. See Zambruk v. Perlmutter 3rd Generation Builders, Inc., 32 Colo.App. 276, 510 P.2d 472.

III.
Defendant also contends that the warranty disclaimer in the contract operated to relieve him from any liability for breach of implied warranties of habitability and workmanlike construction concerning the basement floor and driveway. We disagree.
*925 In Colorado, a builder-vendor impliedly warrants to the purchaser of a new home that the home was built in a workmanlike manner and is suitable for habitation. Carpenter v. Donohoe, 154 Colo. 78, 388 P.2d 399. These warranties may be limited by an express provision in the contract between the parties. However, such limitation must be accomplished by clear and unambiguous language. See Hoagland v. Celebrity Homes, Inc., Colo., 572 P.2d 493; see also Conyers v. Malloy, 50 Ill. App.3d 17, 7 Ill.Dec. 695, 364 N.E.2d 986; Griffin v. Wheeler-Leonard & Co., Inc., 290 N.C. 185, 225 S.E.2d 557. And, such limitations will be construed strictly against the builder-vendor of the house. See generally, J.I. Case Threshing Machine Co. v. Tate, 70 Colo. 67, 197 P. 764; Auto-Teria, Inc. v. Ahern, Ind.App., 352 N.E.2d 774; A-Leet Leasing Corp. v. Kingshead Corp., 150 N.J. Super. 384, 375 A.2d 1208; Pearson v. Franklin Laboratories, Inc., S.D., 254 N.W.2d 133.
Here, defendant disclaimed liability for the "cracking of concrete flatwork"; however, he did not disclaim liability for the vertical displacement (heaving) which occurred in both the basement and the driveway. Accordingly, because "cracking" and "heaving" are not synonomous, we hold that the disclaimer clause in no way limited defendant's liability in implied warranty for defects accompanying the "heaving" of the slabs.
The trial court determined that the disclaimer referred "more to cosmetic defects" and did not exclude liability for substantial defects. We do not necessarily disagree with this interpretation; however, we conclude that even if the disclaimer protected defendant from liability for all "cracking," defendant would still be liable for the damage that did occur. Accordingly, any error in the trial court's characterization of the disclaimer would not justify reversal of the judgment. See Klipfel v. Neill, 30 Colo. App. 428, 494 P.2d 115.

IV.
Defendant asserts that he is not liable under an implied warranty of workmanlike construction for the repair of the driveway because the evidence fails to indicate that the driveway slab was improperly installed. However, because the evidence supports the finding that he was guilty of breach of warranty as to the drainage around the house, and because this condition was found to be the cause of the heaving, he is liable for all the resulting damage, including the vertical displacement of the driveway. See Shiffers v. Cunningham Shepherd Builders Co., 28 Colo.App. 29, 470 P.2d 593; Duggan v. Arnold N. May Builders, Inc., 33 Wis.2d 49, 146 N.W.2d 410.
We have considered defendant's other contentions and find them to be without merit.
Judgment affirmed.
KELLY and STERNBERG, JJ., concur.