Padden v Marsh.

---

PADDEN v. MARSH.

**Sale of personal property: WARRANTY: CONTRACT.** Where, by the terms of a warranty under which a reaping machine was sold, it was stipulated that, in case it failed to work as warranted, it was to be returned by the purchaser to a certain place, it was *held*, that a notification by the seller to the buyer that he would not receive the machine back excused the buyer from making any effort to return it.

*Appeal from Winneshick District Court.*

THURSDAY, JULY 25.

THE plaintiff purchased of the defendant a Marsh Harvester, and took from him a written warranty of it.

This action is brought to recover the amount paid therefor, with interest, alleging a breach of the written warranty. The defendant denies the breach alleged, and avers that, by the terms of the warranty, if it was found that the harvester did not comply with it, the harvester was to be returned by plaintiff to Decorah, free of charge; and also averred that it had not been so returned. There was a jury trial, resulting in a verdict and judgment for plaintiff. The defendant appeals.

*E. E. Cooley* for the appellant.

*L. Bullis* for the appellee.

Cole, J. — After the evidence was closed the court gave to the jury, among others, the following instruction. " If you find, from the evidence, that the defendant notified plaintiff that the defendant would not receive the machine back, in case the same was delivered at Decorah, this will be sufficient excuse, on the part of plaintiff, for a failure to so deliver the same." The giving of this instruction is assigned as error. The jury, among other special findings, found that " the plaintiff offered to return the machine to Decorah, and the defendant declared that he would not receive it at all ; " and that " according to the instructions of the court, the defendant's declaration was a waiver of a return and a refusal to receive it, if returned."

We think the instruction is correct; if the defendant told the plaintiff that he would not receive the machine back, in case it was delivered at Decorah, this surely ought to excuse plaintiff from so delivering it. The delivery would be useless, and the law does not require useless or unnecessary things. Such declaration was manifestly a waiver of the plaintiff's obligation to deliver the machine. It was equivalent to saying to plaintiff, you need not deliver the machine at Decorah, for I will not receive it if

you do; I deny your right to rescind the contract and recover the money, even if you do deliver it there. I do not rest it upon your non-delivery. That it amounted to a waiver has been frequently decided. *Williams* v. *Bank U. S.*, 2 Peters, 96; *Buford* v. *Funk*, 4 G. Greene, 493; *Attix et al.* v. *Pelan*, 5 Iowa, 337; *Hall* v. *Ætna Manfg. Co.*, 30 id. 215. A waiver of the delivery of property is quite a different thing from a sufficient tender of the property. *Bamberger et al.* v. *Greiner*, 18 Iowa, 477; *Gammar* v. *Borgain*, 27 id. 369; *McCoy* v. *Julien*, 15 id. 372; *Hamel* v. *Tower*, 14 id. 530.

The only other error assigned is, that the verdict is contrary to the evidence. But it is not contrary to the evidence given by the plaintiff.

Affirmed.