# CASES

## ARGUED AND DETERMINED

IN THE

# ST. LOUIS COURT OF APPEALS.

## MARCH TERM, 1877.

---

GASTON B. WALLS, Respondent, *v.* WILLIAM J. GATES, Appellant.

May 1, 1877.

$\left|\frac{4}{88}\ \frac{1'}{354}\right.$

1. The measure of damages in an action upon a warranty, for a breach thereof, is the difference between the price paid and the value of the article sold. If the vendee is at expense in keeping the article, he may recover for such time as is sufficient to enable him to resell after notice to the vendor.

2. In an action upon an agreement of rescission of a contract, the measure of damages is the amount of the purchase-money.

3. Where, upon a sale with warranty, the vendee is at liberty to return the article sold, an offer to return is equivalent to an offer accepted by the vendor, and in that case the contract is rescinded and at an end; but to give it this effect, the offer must be unconditional.

4. A bill of exceptions need not set out in full the evidence as given; it is sufficient, in actions at law, to state that evidence tending to prove the particular fact was given.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

JOHN P. HUDGENS, for appellant: Tender. — *McJilton* v. *Sawyer*, 18 Mo. 111; *Berthold* v. *Reyburn*, 37 Mo. 586; *Thayer* v. *Brocket*, 12 Mass. 465; 1 Chitty's Gen. Pr. 508; 2 Pars. on Con. 648. Measure of damages. — 4 Mo. 14; 30 Mo. 385, 406.

VOL. IV.—1

1

MARSHALL & BARCLAY, for respondent: Bills of exceptions. — *The State* v. *Shebane*, 25 Mo. 565 ; *Blackenship* v. *North Missouri R. Co.*, 48 Mo. 376. Rescission and tender. — *Casey* v. *Smales*, 4 Mo. 77 ; *Brown* v. *Alexander*, 27 Mo. 430 ; *Ferguson* v. *Oliver*, 8 Smed. & M. 332 ; *Thornton* v. *Wynn*, 12 Wheat. 192 ; Story on Con., sec. 977. Measure of damages. — *White* v. *Salisbury*, 33 Mo. 150 ; Story on Sales, 332.

BAKEWELL, J., delivered the opinion of the court.

This is a proceeding commenced originally before a justice of the peace. The plaintiff, in his written statement of the cause of action, alleges that he purchased a horse of defendant for $140, which defendant warranted sound, and accustomed to work in harness ; that the horse, at the time of the sale, was unsound, and would not work in harness, by reason of all which he was worthless ; that plaintiff offered to return the horse on payment of the purchase-money, to which defendant agreed, but has failed and refuses to receive the horse and return the purchase-money. Plaintiff tenders the horse, and asks judgment for the purchase-money. For a second cause of action, plaintiff states that he has spent $15 a month for the keep of the horse, for which he also asks judgment.

The bill of exceptions states that plaintiff offered testimony tending to prove that the horse was string-halt at the time of sale, and would not work, single or double ; and that the warranty had been broken ; that, three weeks after the sale, plaintiff offered to return the horse if defendant would pay the purchase-money, with interest, and $15 a month for his keep, and that defendant agreed to take the horse back on condition that he was delivered in as good order as sold, which he afterwards declined to do, but offered to give plaintiff another horse. Plaintiff, also, at the trial, announced that he was ready to return the horse if defendant could pay him $280, the amount he claimed to

be damaged. Plaintiff testified that he had refused to let defendant see the horse, or have him, unless the $280 was first paid him. Plaintiff offered evidence of the value of keeping a horse, and closed his case.

Defendant offered evidence tending to prove that the horse was sound when sold, and worked single and double; that plaintiff had injured the horse since the sale, and had refused; up to the trial, to let defendant see the horse unless he would first pay $280. Also, that the horse had been used all the time by plaintiff, and the value of his use.

The court, at the instance of plaintiff, instructed the jury that, if they believed from the evidence that the horse was warranted sound and accustomed to work in single and double harness, and was not sound, etc., when sold, they should find for plaintiff; and also gave the following instruction at the instance of plaintiff:

"If the jury find for the plaintiff, and believe from the evidence that, within a reasonable time after the purchase of the horse by plaintiff, and immediately after the discovery by plaintiff that the horse was not as he was warranted to be by defendant, the plaintiff notified defendant of the fact, and offered to return the horse to defendant upon a return by defendant of the money paid him by plaintiff, and that defendant agreed to take back the horse and refund the purchase-money, and that plaintiff still offers to return the horse to defendant, and defendant refuses to return the purchase-money, then they will find for plaintiff in a sum equal to the value of the horse at the time of the sale, had he been in all respects as warranted, with six per cent interest from the day of sale, and also a further amount equal to the actual cost of keeping and feeding and taking care of the horse up to the day of judgment, less the value for the use of the horse, if the jury believe plaintiff was accustomed to use him during that time."

There was a verdict and judgment for $137.80; and defendant appeals.

The ordinary remedy upon breach of warranty, where the purchase-money has been paid, is an action upon the warranty, in which the measure of damages is the difference between the price paid and the value of the article sold. If the buyer be compelled to keep the article sold, and be put to expense thereby, he may recover expenses for such length of time as would be reasonably sufficient to enable him to resell, where he has given notice to the vendor. If this, then, was an action for breach of warranty, the measure of damages was incorrectly declared.

It is claimed by respondent, however, that this is a case of an executed contract of sale, and an agreement of rescission which defendant refused to carry out, though a tender was made of the property purchased, the tender and refusal being equivalent to an actual return of the goods; and the actual tender being rendered unnecessary by the fact that after the agreement of rescission was made, the defendant declined to comply with it. If this be so, the instruction as to the measure of damages is wrong; because, in case of a rescission of contract, the vendee would be entitled to recover, not the value of the horse if sound (as to which value there seems to be no evidence in the case), but the purchase-money. That the instruction was erroneous as to the measure of damages seems to be conceded by respondent. But he says no prejudice was occasioned to appellant thereby, inasmuch as the verdict was actually for the amount of the purchase-money, less an insignificant sum. But the record shows that whilst there was evidence from which the jury might well find a breach of warranty, there was none whatever to warrant the instruction based upon the theory of a rescission of the contract.

That the vendee, to avoid circuity of action, may treat a warranty as a condition subsequent, rescind the contract upon its breach, and recover back the purchase-money as in a case of fraud, is held in Massachusetts, in Maine, in Maryland, and perhaps in some other States; but in Eng-

land and in New York, and most of the American States, it is held, in case of a specific chattel, where the property in the goods has passed unconditionally to the buyer, that the law gives no right to rescind the contract, in the absence of an express stipulation to that effect.

In case of a rescission of the contract, the vendee is entitled to recover back the purchase-money; in an action for a breach of warranty, he may recover whatever he can show he has actually lost. Warranty binds the party entering upon it to repay, on breach thereof, the difference between the actual value of the article sold and that of an article such as the article sold was represented to be at the time and place of delivery. 102 Mass. 439.

Where, upon a sale with warranty, the purchaser is at liberty to return the articles sold, an offer to return is equivalent to an offer accepted by the vendor, and in that case the contract is rescinded and at an end. The consequences are the same where the sale is absolute, and the vendor afterwards consents unconditionally to take back the property. Benj. on Sales, sec. 888, note and cases.

It is said, indeed, that there was evidence tending to show that defendant agreed to a return of the horse, provided he was delivered in as good order as when sold; but as plaintiff testified that he refused to let defendant have, or even so much as see, the horse unless he paid him $280, or double the purchase-money, this consent to a return of the horse did not work a rescission of the sale. The testimony as to tender of the horse by the vendor to the vendee is equally unsatisfactory. It by no means establishes that state of facts which would work a rescission of the sale, were a rescission held to be optional with the vendee. The testimony as to a tender is that an offer to return the horse was made, but coupled with a condition, and a condition which the vendor was not bound, and was not likely to accept.

Where a rescission of the sale for breach of warranty is

held to be optional with the vendee, he must return the goods within a reasonable time, or do his best to return them. An offer to return, where the actual return is not permitted by the vendor, is equivalent in legal effect to an actual return; but in order that it may have this effect, it must be coupled with no condition. There was, therefore, no tender in this case, and no rescission of the sale. That it was in the power of the vendee in this case to rescind the sale for breach of warranty is more than doubtful. The weight of authority is against the existence of the right in case of unconditional sale of a specific chattel, in the absence of a stipulation to that effect. Story on Sales, sec. 421.

It is claimed by respondent, that inasmuch as the bill of exceptions in this case does not set out the testimony in full, but purports to give only the substance of the evidence, it is insufficient, and does not in fact constitute a bill of exceptions at all. That this is a total misapprehension will be seen at once by reference to the rules of the Supreme Court, adopted at the October term, 1871, and printed in 48 Missouri Reports. It is sufficient, in actions at law, to state that evidence tending to prove a particular fact was given; the appellant need not set out the evidence word for word. The practice which, unfortunately, prevails of encumbering the record with a mass of words, through which it is occasionally necessary for the judges of appellate courts to flounder, to the great loss of valuable time and the serious delay of the pressing business of the court, arises, probably, from the fact that counsel find it much easier to adopt the short-hand reporter's notes *verbatim*, than to reduce the *indigesta moles* to order, and give its substance to the court. Under such a system, judges must necessarily waste in the merest mechanical drudgery much time which might advantageously be given to the more intellectual occupation of considering the points of law which it should be the object of every record to present in the most accessible way.

For the reasons given, the judgment of the Circuit Court must be reversed and the cause remanded; and it is so ordered.   All the judges concur.