C. T. LAIRD, Appellant, v. J. C. COLE, (or as it Should be Docketed) J. C. COLE v. C. T. LAIRD, Appellant.

Sales: GENERAL DENIAL: PROOF. In a suit on a contract for the
1  purchase price of machinery, the defendant may show uder a
   general denial that he did not purchase the same on his own
   account, but for another.

Amendment. Permission to amend a pleading to conform to the
2  evidence is a legal discretion which should be exercised with
   a view to substantial justice.

Damages. In an action to recover the purchase price of a wind-
3  mill used to supply water to cattle, proof of loss of pasturage
   is too remote to support a counterclaim for damages.

Rescission of Contract: INCONSISTENT DEFENSES: EVIDENCE. In an
4  action for the purchase price of a windmill, the defendant
   may plead and prove both a rescission of the contract and that

he did not buy the goods, and where there is evidence of rescission the issue should be submitted to the jury. The reasonableness of the time within which the offer to return the machine was made is also for the jury.

*Appeal from Taylor District Court.*—HON. R. L. PARRISH, Judge.

THURSDAY, OCTOBER 8, 1903.

THIS action was brought by Cole against Laird to recover the purchase price of two windmills. The trial court directed a verdict for plaintiff, and defendant appealed. In presenting the case to this court he reversed the names used in the title, contrary to the statute and to our rules, and has thus introduced confusion into a record, which, without this mistake, is not clear. The case should be entitled *Cole v. Laird*, Appellant, and it will so appear in the reports.—*Reversed.*

*J. C. Askin* for appellant.

*Flick & Jackson* for appellee.

DEEMER, J.—The record is in a very confused state, and we have had some difficulty in arriving at the exact points for decision. The action is to recover the purchase price of two windmills, with tanks and fixtures, alleged to have been sold to defendant, Laird. After admitting that plaintiff was and is engaged in the hardware business at the town of Gravity, defendant interposed a general denial of the allegations of the petition. In a distinct division he pleaded rescission of the contract, and in another, what, as we understand, amounts to a plea of failure of consideration. He also pleaded a counterclaim for breach of warranty, and also asked damages for false and fraudulent representations in the sale of the mills. The damages asked under this counterclaim were, first, $10 expense in

putting up other mills; and, second, loss of flesh and growth in defendant's cattle, due to the failure of the mills to furnish an adequate supply of water. This latter element of damages was stricken out on motion, and thereupon the defendant amended by claiming damages due to loss of a pasture during the season of 1899. A motion was made to strike this claim for damages, but it was overruled. Plaintiff filed a reply, in which he denied any warranty or misrepresentation, and further pleaded that whatever of fault there may have been in the mills was due to defendant's insistence on improper equipment of the mill. It was on these issues, as we understand it, that the case was tried, resulting in a directed verdict for plaintiff for the price or value of the property.

There was manifestly no error in striking from defendant's counterclaim damages due to loss of flesh and growth of cattle. Such damages, are entirely too remote. There remained, however, his plea of failure of consideration, his claim of rescis-

I. GENERAL denial: proof. sion, and his counterclaim growing out of breach of warranty, resulting in damage to pasture and expense in erecting other mills. Defendant proved without objection that he purchased the mills for one Finn, and not for himself, and that plaintiff knew of this fact when he sold the mills, and in fact gave credit to Finn. After this evidence was in, plaintiff moved to strike it, because irrelevant to any issue in the case. The trial court sustained the motion on the theory that such evidence was not relevant under a general denial. After the evidence was closed, defendant offered to amend his answer by pleading that he bought the mills as the agent of Finn. Whether this offer was made before or after plaintiff's motion for a directed verdict was filed is a matter of dispute, which we do not regard as very material. The amendment was prepared and filed before the ruling on the motion to direct was made. Two questions are pre.

sented with respect to this matter: First, was defendant's evidence that he did not buy the property, but purchased the same for one Finn, admissible under a general denial? And, second, if not admissible, was the court in error in denying the amendment to the answer pleading purchase by defendant as agent? We think the evidence was relevant under the general denial. Plaintiff, in order to recover, was bound to show that he sold the goods to the defendant. Under his general denial defendant could prove any fact that would negative this claim. A sale involves something more than the delivery of goods to another. It must appear also that a transmutation of property from one to another for an agreed price was intended. A sale is a contract whereby one acquires a property in the thing sold and the other parts with it for a valuable consideration. Plaintiff was bound to prove that he made a contract with the defendant for the sale of the goods to him, and defendant, under his general denial, could show that he did not purchase the goods, but that he bought them for another. *Gilbert v. Baxter et al.*, 71 Iowa, 327, seems to be decisive of this question. There it is expressly held that a general denial puts in issue the fact of a contract having been made by another with authority.

But if this be not true, we think the court was in error in denying to defendant the right to amend by making his issues conform to the proofs. Both sides offered evidence as to this matter of agency, and we 2. AMENDMENT. think the case should have gone to the jury. While the matter of allowing such amendments is discretionary, still this discretion is a legal one, and should always be exercised with a view to substantial justice. Denying the right in this case may have had the effect of obligating defendant to pay for property which he never purchased, and of which he may never receive any benefit.

The case should have gone to the jury on the question of the sale of the property to the defendant.

II.   The defendant did not prove any of the damages claimed by him in his counterclaim, unless it be loss of

3. DAMAGES.   pasturage; but that was entirely too remote. *Prosser v. Jones*, 41 Iowa, 674.

III.   On the issue of rescission there was evidence that, after discovery of the defects in the mills, plaintiff promised to repair them, and attempted to do so, but that

4. RESCISSION of contract: inconsistent defenses: evidence.   he was unsuccessful in the attempt.   There was also some evidence that defendant thereupon offered to return the property to plaintiff, but that plaintiff absolutely refused to receive it. This, with the evidence relating to the warranty of the mills, was sufficient to take the case to the jury on the issue of rescission of the contract.   *Padden v. Marsh*, 34 Iowa, 522.   The question as to reasonableness of time within which the offer to return was made was for the jury under proper instructions.   While the defenses interposed were inconsistent, this was no reason for not submitting them to the jury.   Code, section 3620; *Thorson v. Baker*, 107 Iowa, 49.   This is not a case of a claim to property under two inconsistent rights, as was *Crawford v. Nolan*, 70 Iowa, 97.   Defendant may, therefore, plead in answer that he did not buy the goods, and also rescission of the contract.

In order that we may not be misunderstood, it is well to say that, had defendant pleaded as part of his damages for breach of warranty the expense of removing the mills, the case should have gone to the jury on that issue.   This he did not do.   His claim is for erecting new ones in place of the ones furnished by plaintiff.

For errors pointed out, the judgment must be and it is REVERSED.