## STURM v. AMERICAN BANK & TRUST CO. OF ARDMORE.

No. 24606.    April 2, 1935.

Rehearing Denied May 21, 1935.

Sigler & Jackson, for plaintiff in error.

Dolman, Dyer & Dolman, for defendant in error.

PER CURIAM. Plaintiff in error was defendant below, and defendant in error was plaintiff below. Let them be referred to herein as in the lower court.

This was a suit instituted in the district court of Carter county, Okla., by the plaintiff, the American Bank & Trust Company of Ardmore, Okla., a corporation, against the defendants E. Dunlap and H. L. Sturm.

Plaintiff declared on a promissory note dated June 13, 1931, for the sum of $2,650. with interest thereon at 10 per cent. per annum until paid, and providing for an attorney's fee of 10 per cent. additional if collected by attorney or suit. This note fell due 30 days after date thereof, and was signed by defendant E. Dunlap and indorsed by the defendant H. L. Sturm. Plaintiff prayed judgment against defendants in the principal sum of $2,650, with interest thereon at the rate of 10 per cent. per annum from September 13, 1931, until paid, and an attorneys' fee of $265 and for costs of suit.

Defendant E. Dunlap failed to contest said suit, but defendant H. L. Sturm filed his separate answer to plaintiff's petition, in which he denied each and every allegation in said petition contained, except such as are hereinafter admitted, and says that about May, 1925, he deposited with plaintiff stock of Sturm Drilling Company of the par value of $12,500 and of the value

of $12,000; that at the time he deposited said stock, he had an agreement with plaintiff by and through its president, M. Gorman, and it was understood that said stock was deposited with said bank for the specific purpose of securing said bank in certain advancements to be made to Johnson Brothers, a corporation engaged in building highways, and that the bank would advance to Johnson Brothers the money which the Highway Commiss'on required the bidders to deposit at the time he made his bid, and before he made his bond, which money would be returned when the bidder executed the bond, and that this stock was deposited with said bank and its president with the distinct understanding that it would be used for this purpose and for no other purpose. That all checks issued against the money which this stock secured should be payable to the Highway Commission.

That thereafter defendant demanded that said bank return said stock, and he was then informed by the president of the bank that the bank had advanced a check payable to the Highway Commission for $4,-000, which money had not been returned, and the bank then held the note signed by Johnson Brothers for $4,000, where they had taken this check and placed the note in the bank to cover the same; that believing and relying upon the fact that the bank had advanced said money in the manner above specified, in that said bank had issued a check to the Highway Commission for the benefit of Johnson Brothers, defendant signed said note, and has thereafter signed each renewal, believing said facts to be true, and that the note sued on in this action is a part of the $4,000 note which defendant signed under the circumstances above mentioned, relying upon his agreement with the bank and the president thereof.

That since this suit was filed defendant learned that instead of advancing said money as above stated, that is, making a check payable to the Highway Commission for the benefit of Johnson Brothers, which check would have been returned when Johnson Brothers executed a bond as required by the rules of the Highway Commission, said bank loaned said money to Johnson Brothers for the purpose of carrying on certain farming business, and permitted Johnson Brothers to use said money in their private business upon said farms, and thereafter became insolvent and by reason of the above facts defendant is not liable on said note, and that plaintiff is not entitled to judgment prayed for in its petition.

Defendant Sturm claims that while said note was in said bank, plaintiff took from his account the amount of $62.50 as interest on said note, and defendant Sturm says that he is now entitled to a judgment against said bank for said sum for the reason that he was never liable on said note and his signature thereto was secured under the belief that the bank was carrying out its agreement with him, while in truth and fact the bank had violated its agreement and permitted Johnson Brothers to take said money and use it in the manner above stated, without the knowledge or consent of the defendant, and prays that plaintiff take nothing by its action, and that he recover the said sum of $62.50 and have his costs expended.

To this answer of defendant Sturm, plaintiff filed its reply to the separate answer of the defendant Sturm, and denies each, every, all and singular the allegations and averments of new matter therein contained.

Plaintiff further specifically denies that said H. L. Sturm signed the note sued upon, upon any false representations or statements made to him, and specifically denies that any previous notes, for which the note sued upon was given in renewal, were ever signed or executed by defendant under any misrepresentation, and specifically denies that said note was given to secure checks to the Highway Commission or for any other special purpose.

Plaintiff further replying says that the note herein sued upon was given as a renewal of previous notes; that on or about March 16, 1927, defendant Sturm indorsed the original note of which the note sued on is a renewal, and that since said time said defendant Sturm has executed renewals on numerous occasions, and that during all of said times defendant Sturm had full knowledge of all facts and circumstances surrounding said transaction, and that he had full knowledge of facts and circumstances, sufficient to put him upon inquiry, and that defendant Sturm has waived any defenses, if any he may have had, to said paper, and he is now estopped to plead or assert the defenses in his answer contained, and plaintiff renews the prayer of its petition.

The case was tried to a jury under the instructions of the court; the jury returned a verdict in favor of the plaintiff and against defendant Sturm, and judgment

was rendered accordingly. Defendant saved exceptions, and thereafter defendant Sturm filed his motion for a new trial, which was overruled, and defendant excepted and appeals, and the case is here for final determination.

Defendant has six assignments of error, but the first three, including the assignment, "The judgment is contrary to the law, and contrary to the evidence," are not discussed by him in his brief, and therefore under the rule this phase of the case is waived.

And after both plaintiff and defendant had rested their case, defendant Sturm submitted to the court his requested instructions Nos. 1 and 2, which were refused by the court, and exceptions allowed, requested instruction No. 1 being as follows:

"(1) You are told that in this case before a renewal of the note would waive the original fraud or misrepresentation under which the original note was executed, that the defendant Sturm must have full knowledge of this fraud and misrepresentation, and you are told that although the defendant Sturm had some information or suspicion in reference to the fraud in the execution of the note, if he consulted the president of the plaintiff bank, and the president of the bank gave him information in reference to where the money was used, which was advanced on the $4,000 item, that the defendant Sturm had a right to rely upon this information, and if the defendant did rely on the information and made no further investigation, that this renewal would not be a waiver of the defense in this case."

And No 2 being as follows:

"(2) You are told that if you find from a fair preponderance of the evidence that Sturm deposited the stock with the bank with the understanding that it was to be used only for the purpose of securing advancements made by said bank to Johnson Brothers wherein they were required to deposit cashier's checks for 10 per cent. of their bid on road contract, which checks were to be payable to the Highway Department and returned when the bid was complied with, and that thereafter the bank advanced $4,000 to Johnson Brothers for a different purpose and to be used in a different manner that this advancement would not bind said stock or the defendant Sturm, and if thereafter the bank represented to Sturm that they had advanced $4,000 to be used in this manner, and Sturm relying upon this signed the notes and renewals thereof, that said Sturm would not be bound upon said note and you should therefore return a verdict in this case for the defendant Sturm."

The first requested instruction of defendant, had it been submitted to the jury as a part of the law of the case, would have invaded the province of the jury; it assumes that there was "Original fraud or misrepresentations on which the original note was given."

As a matter of fact, the questions whether there was fraud or misrepresentations in the execution of the original note was a question for the jury under proper instructions.

As to the defendant's second requested instruction an examination of instructions Nos. 3 and 4, submitted to the jury as a part of the law of the case, covers every essential proposition contained in defendant's requested instruction No. 2.

The court in its instructions to the jury set forth the theory of the plaintiff and of the defendant in a remarkably clear and concise manner, thereby showing that the court thoroughly understood the contention of the parties and the issues in the case then on trial before it. Said instructions so submitted to the jury as a part of the law of the case being as follows:

"(3) You are told that if you find by a fair preponderance of the evidence that Sturm deposited the stock with the bank with the understanding that it was to be used only for the purpose of securing advances made by said bank to Johnson Brothers wherein they were required to deposit cashier's checks for ten per cent. of their bid on road contracts, which checks were to be payable to the Highway Department, and returned when the bid was complied with, and thereafter the bank advanced $4,000 to Johnson Brothers for a different purpose. and to be used in a different manner that this advance or advances would not bind said stock of defendant Sturm, and thereafter. if the bank represented to Sturm that they had advanced the $4,000 to be used in this manner and Sturm relying upon this signed the notes and renewals thereof, then said Sturm would not be bound upon said note, and you should therefore return a verdict in this case for the defendant Sturm.

"(4) However, you are told in connection with the above-mentioned paragraph that if Sturm had information of the condition of the loan, or if he had information that would have lead a reasonably prudent person to make inquiry, and if by the pursuit of said inquiry he could have ascertained the true facts, and in that condition, and under those circumstances he signed the renewals of the note, or any of them, then and in that event Sturm could not be heard to say that the bank had broken

the agreement and your verdict would therefore be for the bank."

We believe that the above and foregoing instructions were correct in the instant case, and in strict accordance with a long line of decisions by our court.

The plaintiff cites Western Silo Co. v. Pruitt, 94 Okla. 154, 221 P. 106. The fourth paragraph of the syllabus is as follows:

"Where one gives a note in renewal of another note, with knowledge at the time of a partial failure of consideration for the original note, or false representations by the payee, waives such defense, and cannot set it up to defeat a recovery on the renewal note, and where one giving such renewal note either had knowledge of such facts and circumstances, or by the exercise of ordinary diligence could have discovered them and ascertained his rights, it becomes his duty to make such inquiry and investigation before executing the renewal note, and if he fails to do so he is as much bound as if he had actual knowledge."

To the same effect: Franklin Phos. Co. v. Int. Harvester Co. of America, 62 Fla. 185, 57 South. 206; approved in Tudor v. American Investment Co., 163 Okla. 274, 21 P. 1056; Bank of Union v. Hungerford, 111 Okla. 225, 239 P. 252; Security Nat. Bank of Tulsa v. Bohnefeld, 131 Okla. 66, 267 P. 631, and cases therein cited.

In this case the defendant Sturm and plaintiff bank, through its president, Mr. Gorman, met on even ground. Mr. Sturm was a business man with 37 years of business experience, who stated on the witness stand that he had borrowed from banks something near a million of dollars during his business career, and that he was a man of considerable property, and it appears from the evidence that he was the only party involved as defendant in the action who possessed any financial responsibility. Mr. Gorman was also a man of wide business experience and was the president of the plaintiff bank. The defendant Sturm claims that the plaintiff agreed that the money to be used in said transaction was for bidders' checks and for no other purpose. Mr. Gorman denied this, and stated that the money loaned and drilling stock deposited were to establish a line of credit for Johnson Brothers and for no other purpose; that there was no limitation as to how the money should be used by Johnson Brothers. The defendant Sturm stated on the witness stand that he knew that if the money had gone out on a bidders' check in May, 1925, it would have been back long prior to March, 1927, when he signed the first note and took up his stock; the money loaned went out in May, 1925, and defendant Sturm admitted that he signed the last note over six years later, in June, 1931; that he knew that Johnson Brothers went out of business in the Spring of 1926, and over five years had elapsed since the firm ceased to do business, and that said Johnson Brothers went out of business and was known by defendant to be out of business at the time defendant Sturm signed the note involved in this suit; that there was no evidence that any person connected with the plaintiff bank, either as agent, officer or otherwise, represented to Mr. Sturm that the check had been forfeited.

We have carefully considered the cases cited by the defendant Sturm in his brief, and are convinced that these cases are not applicable to the case at bar and are not controlling here.

The jury heard all the evidence and were instructed by the court as to the law of the case, and with the law of the case as laid down by the learned trial court in mind, the jury retired to the jury room, and after due deliberation returned into court their verdict in favor of the plaintiff and against the defendants. And judgment was rendered by the court in favor of the plaintiff and against the defendants in accordance with the verdict of the jury.

We have carefully examined the entire record in this case, and, after due consideration thereof, we are convinced that the learned trial court committed no reversible error in the trial of this case, and that the judgment of the lower court should be in all things affirmed.

The evidence introduced at the trial of this case in the lower court is bountifully sufficient to sustain the verdict. The judgment of the trial court based thereon was without error, and we recommend that said judgment be in all things affirmed.

The Supreme Court acknowledges the aid of Attorneys Tom E. Willis, J. Howard Lindley, and A. O. Manning in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Willis and approved by Mr. Lindley and Mr. Manning, the cause was assigned to a Justice of this court for

examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.