REINAUER et al. v. DAVIS et al.

No. 30504. Oct. 20, 1942.

*130 P. 2d 91.*

A. R. Thompson and Hall & Cotten, both of Oklahoma City, for plaintiffs in error.

Crowe, Herndon & Stewart, of Enid, for defendants in error.

PER CURIAM. On the 29th day of April, 1938, plaintiff, a co-partnership, filed its action against the defendants, H. L. Davis and Ella E. Davis, to recover on a promissory note dated December 17, 1932, in the sum of $380, due in installments on which a balance of $285 was claimed. Defendants answered that there was a breach of warranty; that said note was given for a truck and that the truck was defective in that it had faulty wheels. Due allegations of notice to plaintiff and the failure on behalf of plaintiff to make good its warranty were alleged. Plaintiff attacked the allegations of the answer by a demurrer, a motion for judgment for the plaintiff, and an objection to the introduction of evidence.

The matter was submitted to the court without a jury, and the court rendered judgment for the defendants for $40.08. Plaintiffs have appealed and present seven allegations of error which they urge in their brief in three general propositions. All of these questions are presented in the first proposition, to wit, that a renewal of a note precludes the right of the defendants to raise the failure of consideration or the right to recoup in damages for the failure to furnish the wheels according to the agreement. The evidence discloses that the note in suit was the renewal of a former note and mortgage executed October 9, 1931; that the original note was given for a new Reo one and one-half ton truck; that when the truck was purchased it was defective in that the rear wheels were not of the kind required for the regular Reo one and one-half ton truck; that the plaintiffs agreed to obtain the necessary wheels, but up until the date of the execution of the renewal note on December 17,

1932, had not done so; that the defendants had had at least one wreck by reason of the defective wheels and had been forced to purchase a number of tires that they otherwise would not have had to purchase if the wheels had been of the kind that the plaintiff agreed to furnish; that on the date of the execution of the renewal note the plaintiff agreed that the wheels would be furnished within a few days; that when the renewal note was made December 17, 1932, it was made for a plain note for $380, due in installments without any chattel mortgage or conditional sales contract. The evidence offered by the defendants, if believed, sufficiently established damages to the extent of the amount of the renewal note.

As to whether the defendants executed the note on December 17, 1932, induced by the promise to supply proper kind of wheels, was a question of fact. The finding of the court for the defendants is a finding of fact that the defendants were induced to execute the note on the promise to secure the proper wheels. A number of authorities are cited by the plaintiff in which this court has held that a renewal of an obligation waives the right of the party renewing such obligation to raise the question of failure of consideration, fraud, and other defects in the inception of the obligation. Among these cases are Tudor v. American Investment Co., 163 Okla. 274, 21 P. 2d 1056, and Sturm v. American Bank & Trust Co., 172 Okla. 294, 44 P. 2d 974. We have examined this line of authorities in detail and they do not involve a fact situation similar to the case at bar. None of them deal with the purchase of personal property and the renewal of a note given in consideration therefor, at which time a specific agreement is alleged to have been made with reference to a repair or a furnishing of materials for such personal property. The only cases cited by the plaintiff in which a renewal of an obligation on the purchase of personal property is involved is that of Allis Chalmers Mfg. Co. v. Byers, 184 Okla. 475, 88 P. 2d 368. Therein the court was considering a release and satisfac-

tion certificate executed by the defendant subsequent to the date of the execution of a contract of purchase of the personal property involved.

In the case at bar we hold that the facts and circumstances are more nearly related to those in the case of Rudolph Wurlitzer Co. v. Allred, 120 Okla. 3, 249 P. 724, wherein this court was considering a purchase of a photoplayer used by a moving picture concern. Subsequent to the purchase of said instrument there was a renewal of the obligation evidencing the indebtedness. When suit was brought to enforce the renewal note the court in sustaining the judgment for the defendant stated:

"The execution of a renewal note for the purchase price of personal property does not operate as a waiver of the defense of a breach of warranty if it is agreed between the parties at the time of the execution and delivery of the renewal note that the seller will repair and place the property in condition to reasonably answer the purposes for which it was made and sold."

This rule has been followed and applied in jurisdictions other than our own. Emerson-Brantingham Implement Co. v. Miller, 91 Colo. 94, 12 P. 2d 341; Pete Stock Remedy Co. v. Bruene, 210 Iowa, 131, 230 N. W. 327, and Empire Buggy Co. v. Moss, 154 S. C. 424, 151 S. E. 788.

We are of the opinion, therefore, and hold, that the evidence is sufficient to justify the finding for the defendants and against the plaintiff in the suit upon the renewal note.

However, we are of the opinion, and hold, that the judgment for $40.08 must be vacated, and to this extent the judgment is modified. In their answer the defendants raise the failure of consideration and do not present their cause in the form of a cross-petition. The court was therefore without authority to enter a judgment in favor of the defendants for the $40.08.

The judgment for the defendants is sustained insofar as it finds against the right of plaintiff to recover. The judg-

ment for the defendant for $40.08 is vacated. Under the rule announced by this court and following the statute, section 552, O. S. 1931, 12 Okla. St. Ann. § 978, the costs of this appeal shall be equally divided between the plaintiff and the defendants.

Modified and affirmed.

WELCH, C. J., and GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, OSBORN, and BAYLESS, JJ., absent.