be held to be an artificial one, and that the drainage district would therefore be liable to construct the bridge. This, however, is not a new question but was directly involved in the case of *Heffner v. Cass and Morgan Counties, supra,* and the holding of the Supreme Court in that case after carefully considering this question was against the contention of appellants.

The provision of section 55 of the Levee Act as construed by our Supreme Court, we think, is squarely against the contention of appellants, and we are, therefore, of the opinion that the Circuit Court was right in sustaining the demurrer to appellants' petition for a writ of mandamus and in dismissing said petition, and the judgment of said court is hereby affirmed.

*Affirmed.*

---

**Miles F. Bixler, trading as Miles F. Bixler Company, Plaintiff in error, v. T. A. Henson, Defendant in Error.**

### (Not to be reported in full.)

Error to the County Court of Franklin county; the Hon. Thomas J. Layman, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded. Opinion filed December 1, 1915.

### Statement of the Case.

Suit by Miles F. Bixler, trading as Miles F. Bixler Company, plaintiff, against T. A. Henson, defendant, to recover the purchase price of goods sold. From a judgment for defendant, plaintiff brings error.

The contract of sale was evidenced by a written order signed by the defendant containing a provision, which was brought to his attention, that the seller's agent had no authority to change or add to the writ-

ten terms of the sale except by writing on the original order which was subject to the acceptance of the seller. At the defendant's request the plaintiff's agent verbally guaranteed delivery by a certain date and assured the defendant that such agreement would be as binding on the seller as though incorporated in the written order. The goods not having been delivered at the time agreed upon, the defendant refused payment.

THOMAS I. GALLOWAY, for plaintiff in error.

R. E. SMITH and NEALY I. GLENN, for defendant in error.

MR. JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 108*—*when parol agreement by agent varying contract not binding on principal.* Where a written order for goods signed by the purchaser provides that no alteration or extension of the terms of sale therein set out shall be binding on the seller unless incorporated in writing in the order and accepted by him, a parol agreement by the seller's agent guarantying delivery by a certain date is not binding on the seller.

2. PRINCIPAL AND AGENT, § 169*—*when agent liable on unauthorized contracts.* In so far as agreements and guaranties of an agent are beyond the implied scope of his authority, they are his personal obligations and not those of his principal.

3. FRAUD, § 19*—*when verbal promise by agent varying contract does not constitute fraud.* An assurance by the agent of the seller to the purchaser that an oral agreement varying the terms of sale contained in a written order for goods will be binding on the seller, notwithstanding a provision in such order that no alteration or extension of the terms thereof will be binding unless incorporated therein in writing and accepted by the seller, does not constitute such fraud as will invalidate the contract.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.