## Eureka Waist Company, Appellee, v. Herrick Brothers & Company, Appellant.

### Gen. No. 27,220.

1. SALES—*proof of damage essential to recoupment by buyer for defects in goods sold by sample.* In an action for the purchase price of goods sold by sample, it was not error for the court to direct a verdict against defendant on the claim of a rescission of the sale because the goods did not correspond to the sample without submitting to the jury the question of the defendant's right to recoup its damages in case the goods were found to be not equal to the sample, where there was no evidence tending to show the value of the goods in their alleged defective condition.

2. SALES—*timeliness of attempted rescission as question of law.* It is not error to direct a verdict against defendant on the question of its attempted rescission of a sale of goods by sample, in an action for the price thereof, where the evidence shows the purchase by sample, that each article was packed separately and that defendant examined one or two of them and found them equal to the sample, that it then sold about one-third of the total amount to its customers without any examination of the rest of the shipment, that no further examination was made for about a month, and a part of the price was paid, that thereafter, upon complaint of its customers that the goods were defective, the balance of the shipment was examined and returned to plaintiff as not equal to the sample, where it is undisputed that the defective condition of the goods could have been ascertained by examination upon their receipt.

Appeal from the Municipal Court of Chicago; the Hon. F. J. CAMPBELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed October 18, 1922.

JULIUS N. HELDMAN, for appellant.

BAKER, HOLDER & SCHMIDT, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against defendant to recover

$945.23, claimed to be the balance due of the purchase price for certain goods sold by it to defendant. At the close of all the evidence the court, at the request of plaintiff, directed the jury to return a verdict for the amount of plaintiff's claim. This was accordingly done and judgment entered on the verdict, to reverse which defendant prosecutes this appeal.

The evidence shows that plaintiff was a New York corporation engaged in manufacturing ladies' waists in New York City; that in June, 1920, one of plaintiff's traveling salesmen called on defendant at its place of business in Chicago, submitted a sample of plaintiff's merchandise and secured an order for nineteen dozen waists, the purchase price being $1,347; that the purchase was made by sample, the salesman exhibiting a sample at the time of taking the order. The goods were shipped in three lots, twelve dozen January 13, 1920, three dozen January 14, 1920, and four dozen on February 14, 1920. On February 24, 1920, defendant wrote plaintiff that its salesmen had taken orders for the resale of certain of the waists and that upon delivery a great many were returned on account of being defective and not in accordance with the sample submitted at the time the order was given plaintiff. Defendant inclosed in the letter its check to plaintiff's order for $401.77, being the amount due for waists it had sold, and returned the balance of the waists to plaintiff by express. Plaintiff refused to accept them stating that they were the same as the sample by which they were sold, and refused to receive them from the express company. Sometime afterwards the express company notified the parties that the waists would be sold for charges that had accrued against them, and thereupon plaintiff took the waists and wrote defendant that they were being held for defendant's account and demanded payment. The defendant refused to pay for them and this suit was filed.

Evidence offered on behalf of plaintiff tended to

show that each of the waists was examined before being shipped to the defendant, that they were in good condition and in accordance with the sample. On behalf of defendant the evidence tended to show that each waist was packed in a separate box; that when they were received defendant examined one or two of them and found that they corresponded to the sample; that its traveling salesmen thereafter took orders for the sale of them and that when these orders were filled the customers to whom they were sold returned them because they were defective in material and some of them stained and soiled; that thereupon the defendant examined the balance of the waists remaining in its possession and found them defective in material and otherwise damaged; that defendant then packed up the balance on hand, the purchase price of which was $945.23, and sent them by express to plaintiff; that the waists were not in accordance with the sample.

The defendant contends that since the question whether the waists corresponded to the sample was in dispute, the matter should have been submitted to the jury and, therefore, the court was in error in directing a verdict for plaintiff. Defendant further contends that even if the court should be of the opinion that it had no right to rescind the sale by returning the balance of the goods on hand, the verdict should not have been directed because it had a right to recoup the amount of its damages in case the jury found that the goods were not equal to the sample. The difficulty of this latter proposition is that there was no evidence tending to show the value of the goods in the alleged defective condition and, therefore, there was no such question before the court and jury.

In the case of *Wolf v. Dietzsch*, 75 Ill. 205, it was held that a contract of sale could not be affirmed in part and rescinded in part, but that if rescinded at all, the rescission must be *in toto*. The court there said,

(p. 210): "The doctrine repeatedly announced by this court is, that a party cannot affirm a contract in part, and rescind it as to the residue. If he rescinds he must do so *in toto*. He must put the opposite party in as good a condition as he was in before the sale, by a return of the property purchased, unless it is entirely worthless.   *   *   *

"And where a vendee has a right to object that goods delivered are different in quality from those he purchased, he must do so within a reasonable time, and before exercising acts of ownership over them. If, before objecting to their quality, he exercises any act of ownership over them, as, by selling a part, etc., he cannot afterwards repudiate the contract, so as to wholly defeat the vendor's claim for the price." This case has been repeatedly followed by this court and by the Supreme Court, and, so far as we have been able to find, the rule there announced has not been departed from.

In Benjamin on Sales (7th Ed.), the author says, sec. 896: "In actual practice, the only difficulty which arises in these cases grows out of controversies whether the buyer has actually accepted the goods and thus become owner. On this point the cases show that acceptance does not take place by mere retention of the goods for the time necessary to examine or test them, nor by the consumption of so much as is necessary for such examination and testing; and it is always a question of fact for the jury whether the goods were kept longer, or whether a larger quantity was consumed, than was requisite to enable the buyer to decide whether he would accept or reject."

We think the rule laid down by Benjamin is sound on reason and principle, that where it is necessary to test or use some of the goods to determine whether they were in accordance with the sample submitted, the balance may be returned if not in compliance with the terms of purchase, and whether too much of the

goods have been used or whether they have been retained too long, are generally questions of fact for the jury. But where all reasonable minds would reach the conclusion that more of the goods were used than was necessary to determine whether they corresponded to the sample, or that they had been retained for too great a length of time, then it becomes a question of law for the court. In the instant case, the defendant contends that the only way in which it could determine whether the waists were in accordance with the sample and marketable was by selling them to its customers, and this it did; that the customers, upon delivery of them, rejected the waists because they were defective. The difficulty with this contention is that plaintiff's own witnesses testified that upon receiving some of the waists back from their customers they examined all of the waists then remaining and found, upon such examination, that there were defects in the material and that some of them were stained and soiled in spots. So it is clear that these defects could have been readily ascertained by the defendant if it had inspected the goods when received from the plaintiff originally, and there would have been no necessity of reselling part of them to determine this fact. The undisputed evidence clearly shows that the defendant could have ascertained the condition of the waists upon examination when they were received. This it failed to do, and since it sold nearly one-third of them and did not examine them, although most of them were in its possession for more than a month, we think defendant was in no position to attempt to rescind the sale by returning the balance, and this, too, as a matter of law.

In these circumstances, we think the court was correct in directing a verdict, and the judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

Thomson, P. J., and Taylor, J., concur.