Mrs. Evelynne Goers, also Known as Mrs. William J. Goers, Appellee, v. David Lorence, Individually and Trading as Beltone Hearing Service, Appellant.

Gen. No. 45,853.

Opinion filed January ·14, 1953. Released for publication January 30, 1953.

FREEMAN & FREEMAN, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

David Lorence, doing business as Beltone Hearing Service, appeals from a judgment for $135.95 entered on the verdict of a jury in an action to recover payments on a hearing device purchased by plaintiff from Lorence. The other defendant, Beltone Hearing Aid Co., a corporation, was dismissed from the cause be-

fore it was reached for trial. No appearance or brief has been filed by plaintiff.

About May 19, 1948 plaintiff purchased a hearing device to be used on her right ear, for $175 and made payments thereafter aggregating $135.95. According to plaintiff's testimony the hearing device did not function properly. She visited Lorence's office on an average of once a week because voices were not distinguishable. Afterwards Lorence told plaintiff that the hearing device here in controversy was made for the wrong ear. Lorence made the necessary adjustments for the use of the device in plaintiff's left ear but the hearing device failed to aid her hearing. In the early part of 1949 plaintiff gave the device to her sister who sent it to the manfacturer, Beltone Hearing Aid Co. Plaintiff's sister, Margaret Allerson, testified in substance that she returned the hearing device to the Beltone Hearing Aid Co. about February 28, 1949. Over defendant's objection this witness was permitted to testify that on March 2, 1949 one Barno called the witness and said to her, ''We have sent everything to him [Lorence]. It is in his hands.'' Defendant Lorence denied ever having received the hearing device from plaintiff.

The Uniform Sales Act, Ill. Rev. Stats. 1951, State Bar Ass'n Ed., ch. 121½, sec. 69, subsection 1, paragraph (d) [Jones Ill. Stats. Ann. 121.73, subd. (1) (d)], provides in substance that a buyer, where there is a breach of warranty by the seller, may, at his election, rescind the sale by returning the goods and may recover any part of the purchase price thereof which has been paid.

 So far as the record shows, Barno was not an employee of defendant Lorence but was employed by the manufacturer of the device, Beltone Hearing Aid Co. Since the alleged conversation between Barno and

plaintiff's sister took place out of the presence of defendant, it is hearsay and therefore inadmissible.

○ ██ Under the provisions of the foregoing statute, proof of the return of the hearing device by plaintiff to defendant Lorence is one of the essential elements of her cause of action and must be established by competent proof. Failure of the plaintiff to establish return of the hearing device to Lorence impels us to reverse the judgment and remand the cause for a new trial.

For the purpose of guiding the trial judge in the event the cause is retried, we here determine defendant's contention, that plaintiff's election to rescind the contract was not made within reasonable time pursuant to the provisions of section 69 of the Sales Act, ch. 121½, paragraph (3), Ill. Rev. Stats. 1951, State Bar Ass'n Ed. [Jones Ill. Stats. Ann. 121.73, subd. (3)].

██ Defendant says that plaintiff's election to rescind the contract after a lapse of nine months is unreasonable. The question whether plaintiff retained and used the hearing device longer than was reasonably necessary depends upon all the facts and circumstances. This would generally present a question for the jury to determine but, where all reasonable minds would agree that the goods were retained under such conditions that there would be a waiver of the right to rescind, then it is a question of law for the court. See *Conner v. Borland-Grannis Co.*, 294 Ill. 58; *Achilli v. Alongi*, 346 Ill. App. 210; *Eureka Waist Co. v. Herrick Bros. & Co.*, 226 Ill. App. 316. In the present case the plaintiff testified that after receiving the hearing device she went to defendant's office on an average of once a week. Her testimony is not clear as to how long she continued to make these visits. Defendant admits that in January 1949 plaintiff, accompanied by her

sister, came to his office where he "charted her hearing" and "fitted" the hearing aid to plaintiff's left ear. In view of this evidence we think the question whether plaintiff retained the hearing aid longer than was reasonably necessary presents an issue of fact.

For the reasons stated, the judgment is reversed, and the cause is remanded for a new trial.

*Reversed and remanded for new trial.*

FEINBERG and KILEY, JJ., concur.